## STRIPLIN *v.* STATE.

### Opinion delivered July 3, 1911.

1. CONTINUANCES—DISCRETION OF COURT.—The question of granting continuances calls for the exercise of discretion by the trial court; and unless there has been an abuse of discretion, the ruling of the trial court will not be disturbed. (Page 136.)

2. SAME—DISCRETION OF COURT.—In determining whether the trial court abused its discretion in refusing a continuance, the diligence of the moving party, the materiality of the testimony of the absent witness and its effect at the trial, and the probability of procuring the attendance of the witness by means of a postponement of the case are proper matters to be considered. (Page 136.)

3.  SAME—WHEN PROPERLY DENIED.—It was not an abuse of discretion, in a prosecution for murder in the second degree, to refuse a continuance asked in order that defendant might secure the attendance of a witness whose testimony would have tended merely to show that the killing was not premeditated. (Page 137.)

4.  SAME—WHEN PROPERLY DENIED.—It was not an abuse of discretion to refuse a continuance to the defendant on account of the absence of a certain witness, where the sheriff was unable to find him and defendant made no definite showing as to his ability to produce the witness at the next term of court. (Page 137.)

5.  APPEAL AND ERROR—HARMLESS ERROR.—If it was competent in a murder case to prove the bad reputation of the decedent by testimony of specific instances of violence on his part, the exclusion of such testimony was not prejudicial where decedent's bad reputation was proved by a number of other witnesses. (Page 137.)

6.  INSTRUCTIONS—REPETITION.—Refusal to give an instruction as asked was not error where the subject was fully covered by instructions given. (Page 138.)

7.  HOMICIDE—SELF-DEFENSE—INSTRUCTION.—An instruction to the effect that the defendant was not bound to retreat if the danger was imminent and impending was not open to the objection that it was calculated to convey the idea that he could not claim self-defense unless the danger was in fact imminent and pressing, however it might have appeared to him, where other instructions told the jury that it was sufficient, in order to justify the killing, if it appeared to defendant without carelessness that the danger was so urgent that it was necessary to defend himself. (Page 138.)

8.  SAME—SELF-DEFENSE.—It was not error, in a murder case, to instruct the jury that if they believe that the defendant could at any time, from the beginning of the first difficulty, if they find that there was a prior difficulty, to the ending of the last meeting between himself and the deceased, when the deceased was killed, reasonably have withdrawn from or avoided the difficulty with safety to himself, but failed to do so, he could not justify the killing by self-defense. (Page 139.)

Appeal from Howard Circuit Court, *J. T. Cowling*, Judge; affirmed.

*Collins & Collins*, for appellant.

1.  Where a defendant has fully complied with the law with reference to procuring the attendance of witnesses whose testimony is material to his defense, and the same facts cannot be proved by other witnesses, and there is no showing that their testimony, if given, is not probably untrue, and it is probable that their attendance can be procured at another term, then, if the defendant presents a

motion for a continuance embodying all the elements required by statute, as was done in this case, the court's refusal of such motion is an abuse of discretion, such as will justify a reversal. 71 Ark. 180; 60 Ark. 564; 42 Ark. 274; 9 Cyc. 173, 2a; 28 Cal. 445.

2. The sheriff's testimony that some one had told him over the telephone that Riley had gone to Louisiana was pure hearsay, and was erroneously admitted. It was prejudicial in that it was the only evidence tending to show that Riley's attendance could not probably be secured at another term.

3. It was error to exclude testimony as to deceased's reputation in the community in which he lived for being a violent, turbulent and dangerous man.

*Hal. L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. Motions for continuance rest so much with the sound judicial discretion of the trial court that this court will not reverse the judgment of the lower court on such a motion unless there has been a manifest abuse of that discretion amounting to a palpable denial of justice or an arbitrary and capricious exercise of power. 26 Ark. 323; 54 Ark. 243; 41 Ark. 153; 51 Ark. 167; 67 Ark. 543; 34 Ark. 26; 70 Ark. 521; 71 Ark. 62; 67 Ark. 290; 94 Ark. 539; *Id.* 169.

Cases should not be continued to procure the attendance of witnesses who live beyond the jurisdiction of the court. 67 Ark. 290; *Id.* 47; 83 Ark. 99. Where reasonable diligence on the part of the defendant is not shown, a continuance will not be granted. 91 Ark. 67; 92 Ark. 28. Neither will a continuance be granted to procure the attendance of a witness to impeach another witness, or, in a trial for homicide, to prove the reputation of the deceased for being a violent, turbulent and dangerous man. 74 Ark. 444. Continuance will not be granted in order to procure merely cumulative testimony. 78 Ark. 299; 79 Ark. 594; 86 Ark. 317.

2. The sheriff's testimony with reference to Riley's having gone to Louisiana was not improperly admitted. It was incumbent on the appellant in moving for continuance to show the whereabouts of the witness. This he failed to show.

Upon the hearing of the motion, when the State introduced the officer who had the subpoena and attempted to serve the same, it was competent for him to testify that he had received information from the former employers of the witness that he was no longer in the State.

3. Frank Hannah's testimony as to the reputation of the deceased was properly excluded, because he could, and did, only testify to one or two fights in which deceased was engaged. Reputation cannot be shown by specific acts.

4. The modification of the 10th instruction requested by appellant was correct. One is never justified in taking human life unless it is necessary, and it is never necessary unless the danger is imminent. 84 Ark. 121; 58 Ark. 63.

5. The fifteenth instruction requested by the State was properly given and has been approved by this court. 37 Ark. 252; 40 Ark. 454.

McCULLOCH, C. J. The grand jury of Howard County, on January 19, 1909, returned an indictment against the appellant, George Striplin, for murder in the second degree in killing one Will Morrison. He was placed on trial August 25, 1909, but the jury failed to agree, and the case was continued from term to term until another trial was had, March 8, 1911, which resulted in a verdict of conviction of murder in the second degree, and punishment was fixed at five years in the State penitentiary. The evidence adduced on the part of the State tended to show that the killing was wilfully and deliberately done without provocation, and would have been sufficient to sustain a conviction for murder in the first degree under an indictment for that offense. Appellant and the deceased were working together in the woods, deceased being engaged with other laborers in cutting timber and appellant and others being engaged in hauling. On the morning of the difficulty, appellant drove up where deceased was cutting, and they had some words about a tree which had been cut down in the driveway. Appellant left in his wagon without taking a load, and in about twenty minutes returned afoot, and inquired for Morrison, who at that time had stepped off a short distance through the woods to attend to a call of nature. One of the other men at work there pointed out the direction in which Morrison had gone, and appellant walked over in that

direction, and in a few moments two shots were heard and Morrison was seen to fall. As appellant walked away from the wounded man, he met others going in that direction hurriedly, and said to them that they needn't run, as he had "left life in the d——d scroundrel." He requested one of the witnesses as he walked along to pick up Morrison's knife, but this witness testified that when he picked Morrision up he didn't find any knife. Another witness testified that he found the knife in Morrison's clothing.

Appellant filed a motion for a continuance, and assigns, as his principal ground for reversal, error of the court in overruling the motion. The continuance was asked on account of the absence of two witnesses, named Angel and Riley. It is stated in the motion that Angel was in Oklahoma, where he was temporarily at work, and was detained there on account of the serious illness of his wife, and that he was unable to get any one to stay with her, and for that reason could not leave her for a sufficient length of time to attend court. The evidence of this witness, as set forth on the motion, tended to contradict the evidence of Bud Roe, a witness on the part of the State, who testified that a few hours after the killing, the appellant came to his house to borrow a saddle and stated that he drove his team out to one side and went and got his pistol, meaning, of course, that he had gotten the pistol after the first angry words passed between him and Morrison. Defendant himself testified at the trial that he had the pistol with him all the time, as he was a constable and a private detective, and was on the lookout for an escaped convict from the Texas penitentiary. The fact that the appellant procured the pistol after the first angry words with the deceased, if this was true, only tended to establish deliberation, and as it was undisputed that he had the pistol at the time he did the killing, and was only convicted of murder in the second degree, that fact was not very material. We have often said that the question of granting continuance calls for the exercise of discretion by the trial court, and unless there has been an abuse of the discretion this court will not disturb the ruling of the trial court. There are many matters which trial courts are often called upon to consider in determining whether or not trial of a case should be postponed. The diligence of the mov-

ing party, the materiality of the testimony of the absent witness and its effect at the trial, also the probability of procuring the attendance of a witness in the event there should be a postponement of the case, all these are matters which address themselves to the sound discretion of the trial court. Frequently the witnesses are very numerous, when it is next to impossible to get them all in attendance at the same time. When such matters are considered by the trial court, and there has been a fair exercise of its discretion and no abuse thereof, this court will not disturb the conclusion thus reached. The other absent witness was present and testified at the former trial, and his testimony was read at this trial. On the hearing of the motion, testimony was introduced before the court as to the probability of procuring the attendance of Riley, and there was evidence which tended to establish the fact that the sheriff had been unable to serve a subpoena on him or to find him. The sheriff testified that he had made diligent search in his county and heard that he was at work in the country, but, upon inquiry, had been informed that the witness had gone to Louisiana. Appellant objected to the testimony of the sheriff as to what his information was about this witness going to Louisiana. It was certainly competent for the sheriff to testify concerning his efforts to find the witness for the purpose of serving the subpoena and his inability to find him in the county. We must assume that the court was not controlled by the incompetent hearsay testimony as to the witness being in Louisiana. The point of the matter, as far as it controlled the court, was that the sheriff had made diligent search to find the witness and was unable to find him. The appellant, in his motion, did not make any definite showing as to his ability to produce the witness at the next term of the court. He stated in the motion that, according to his information the witness owned a home near Center Point in Howard County, but the fact that the sheriff had been unable to find him in the county justified the trial court in concluding that procuring his attendance at the next term of the court was highly improbable.

The next assignment is that the court erred in excluding the testimony of witness Hannah as to the bad reputation of deceased. Several other witnesses were permitted to tes-

tify on this subject, and did testify that the deceased had the reputation of being a violent, turbulent and dangerous man in the community in which he lived. The court excluded the testimony of Hannah on this subject for the reason that it seemed to relate entirely to specific instances of violence on the part of deceased. Even if the testimony had been competent, no prejudice resulted from its exclusion, because the same thing was proved by a number of other witnesses. Reputation is a matter which does not rest on the opinion of one person, nor can proof of it depend upon the knowledge of one witness. *Allison* v. *State,* 74 Ark. 444.

Error is assigned in striking out a portion of an instruction requested by appellant on the subject of reasonable doubt, but we are of the opinion that this subject was fully covered by numerous instructions of the court, and that no prejudice resulted from striking out this portion, even though the instruction as asked was correct.

Appellant requested the following instruction, which the court modified by inserting the italicized words:

"10. You are instructed that if you believe from the evidence in this case that the defendant was assaulted by the deceased with such violence as to make it appear to the defendant at the time, acting without fault or carelessness on his part in coming to such conclusion, that the deceased manifestly intended and endeavored to take his life or do him some great bodily harm, *and that the danger was imminent and impending,* then in that case the defendant was not bound to retreat, but had the right to stand his ground, repel force with force, and, if need be, kill his adversary to save his own life or prevent his receiving great bodily injury; and it is not necessary that it shall appear to the jury to have been necessary."

The objection to the modification was based upon the ground that it was calculated to convey to the minds of the jurors the idea that unless the danger was in fact imminent and pressing, appellant could not claim self-defense, however imminent and pressing the danger might have appeared to him. We do not think that the instruction, as modified, is open to that objection, especially when read in connection with the other instructions which told the jury that it was

sufficient, in order to justify the killing, if it appeared to the appellant, "at the time acting without fault or carelessness on his part in coming to such conclusion, that the danger was so urgent and pressing that it·was necessary for him to defend himself."

The court gave the following instruction over appellant's objection, which is assigned as error:

"15. If the jury believe from the evidence that the defendent could have, at any time, from the beginning of the first difficulty, if you find that there was a prior difficulty, to the ending of the last meeting between himself and the deceased, when the deceased was killed, reasonably withdrawn from or avoided the difficulty, with safety to himself, but failed to do so, he could not justify the killing by self-defense."

This instruction, in almost this precise form, has been approved by this court in two decisions, *Fitzpatrick* v. *State*, 37 Ark. 238; *Dolan* v. *State*, 40 Ark. 454. It is contended that the instruction is not applicable to this case for the reason, as it is claimed, that the defendant did not voluntarily enter into the affray with deceased, but was assaulted as he passed by. It is true that appellant testified that he was assaulted by deceased, but this is contradicted by the testimony adduced by the State, and appellant's own testimony shows that he inquired for deceased, and went over where the latter was. We are of the opinion that the instruction was applicable to the facts of this case, and that, under the testimony, it was properly given.

We find no error in the record; and the judgment will therefore be affirmed. It is so ordered.