## WALKER *v.* STATE.

### Opinion delivered October 2, 1911.

1. CONTINUANCE—ABSENCE OF WITNESS.—It was not an abuse of discretion, in a murder case, to deny a continuance on account of the absence of an eye-witness of the killing, who was a relative and intimate companion of defendant if the sheriff was unable to find him and no one knew anything concerning his whereabouts.   (Page 182.)

2. TRIAL—ORDER OF PRESENTING EVIDENCE.—It is within the trial court's discretion to permit testimony to be adduced by the State in a criminal case after defendant has rested his case.   (Page 182.)

3. HOMICIDE—BURDEN OF PROOF.—It was not error, in a murder case, to tell the jury that "the burden of proving the facts and circumstances which mitigate, justify or excuse the homicide devolves upon the de-

fendant, unless such facts and circumstances sufficiently appear from the evidence offered by the State," if the jury were further told that "the burden rests upon the State throughout the case, whatever else may arise." (Page 183.)

Appeal from Mississippi Circuit Court; Chickasawba District; *Frank Smith*, Judge; affirmed.

Appellant, *pro se.*

1. The discretion of the trial court in a matter of continuance is not unlimited, but is subject to review in this court. Where, as in this case, the motion for continuance complies with every requirement of the statute, and the evidence is material and due diligence shown, it is an abuse of discretion to refuse the continuance.    99 Ark. 394; 71 Ark. 180; 60 Ark. 564; 144 Ind. 16; 50 Ark. 161; 135 Ind. 393.

2. The instruction given by the court on its own motion goes beyond the statute, Kirby's Dig. § 1765, on which it is based, and is erroneous in that it charges the jury in effect and by inference that if the defendant is shown to have unlawfully killed the deceased  the burden of proof was upon the defendant to show that he was not guilty of murder.    71 Ark. 460, 462; 71 Ark. 459; 58 Ark. 473.

*Hal. L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. One charged with a crime is not entitled to a continuance as a matter of right, even though he files the statutory application therefor, but the matter of granting the continuance is solely within the sound judicial discretion of the trial court; and, unless there has been a manifest abuse of that discretion, this court will not order a new trial.    41 Ark. 62; *Id.* 153; 40 Ark. 114; 26 Ark. 323; 54 Ark. 243; 51 Ark. 167; 62 Ark. 543; 34 Ark. 26; 76 Ark. 290; 70 Ark. 521; 71 Ark. 62.    Where the testimony set up in the motion for continuance discloses facts which are highly incredible, or where the circumstances show that the real purpose was to secure delay, it is not error to refuse the continuance.    82 Mo. 391; 44 S. W. 489; 1 Ky. Law Rep. 402; 17 Grat. 627; 71 Ark. 146; 26 Tex. App. 443; 23 *Id.* 388; 30 *Id.* 64; 91 Ark. 567; 94 Ark. 538.

2. The instructions were given without objection or exception; hence none of the instructions is properly before

this court for review. 94 Ark. 65. However, the instruction objected to here is based upon the statute, Kirby's Dig. § 1765, and is correct. 76 Ark. 110; 76 Ark. 515; 97 Ark. 430.

3. It is within the discretion of the court to allow the State to introduce, in rebuttal, testimony which might properly have been introduced in chief.

McCULLOCH, C. J. Defendant, F. J. Walker, was convicted of murder in the first degree for killing one Sam Smith on May 4, 1911, at Dell, Mississippi County, Arkansas. The indictment against him for this offense was returned by the grand jury on May 15, and he was placed on trial May 25, after the overruling of his motion for a continuance in order to procure the attendance of an absent witness, Wilson Murray by name. It was alleged in the motion that Murray was present when the homicide occurred, and his testimony would, if given on the witness stand as set out in the motion, tend to excuse it, or at least to reduce it to a lower degree than murder. Murray is, as appears from the testimony introduced before the court at the hearing of the motion for continuance, defendant's relative. They were intimate companions, and worked together in a lumber camp, and Murray was present when the killing occurred, and accompanied defendant to the jail at Blytheville when he was arrested, but he had not been seen in that locality by any one since then. A subpoena was issued for the witness, but the sheriff and his deputies were unable to find him at the place indicated in defendant's motion, or elsewhere. No one could be found who knew anything concerning the whereabouts of the witness. Under those circumstances, especially when the intimate relationship of the witness and the defendant be considered and his sudden and unexplained disappearance, we cannot say that the court abused the discretion, always reposed in trial courts, in the matter of granting or refusing continuances.

Error of the court is assigned in permitting the State to introduce testimony not properly in rebuttal after defendant had rested his case. The statute (Kirby's Digest, § 2378) authorizes the presentation of testimony in chief after the defendant has closed his case when that appears to be necessary "in furtherance of justice," and of that the trial court must be the judge. It rests within the sound discretion of trial courts

to permit testimony to be adduced out of time, and the exercise of that discretion will not be disturbed by this court unless an abuse is shown.

The court gave the following instruction, which, it is now insisted, was erroneous:

"The jury are instructed that if the evidence shows beyond a reasonable doubt that the defendant unlawfully killed Sam Smith, the person named in the indictment, in manner and form as charged therein, the burden of proving the facts and circumstances which mitigate, justify or excuse the homicide devolves upon the defendant, unless such facts and circumstances sufficiently appear from the evidence offered by the State. If the defendant has failed to prove such facts and circumstances, and they do not otherwise appear, you cannot consider them as matters proved in this case. But if, upon the whole case, you have a reasonable doubt that the killing amounted to murder, you cannot find the defendant guilty of that crime. However, the burden of proving these circumstances, which make a murder murder in the first degree, can never devolve upon the accused. The burden rests upon the State throughout the case, whatever else may arise."

It is argued that this instruction took away from defendant all benefit of any reasonable doubt which might have arisen in the minds of the jury and placed upon him the burden of proving that he is not guilty of murder. Such is not the effect of the instruction, when read as a whole. It follows, in substance, the language of the statute (Kirby's Digest, § 1765), but contains a further statement that the burden upon the whole case is upon the State to prove the killing by the accused beyond a reasonable doubt. *Cogburn* v. *State*, 76 Ark. 110; *Petty* v. *State*, 76 Ark. 515; *Childs* v. *State*, 98 Ark. 430.

The evidence in the case fully warranted the jury in finding the defendant guilty of murder in the first degree, but to set it out here in detail would serve no useful purpose.

We have examined the record carefully, and find no error of the court, so the judgment must be affirmed, and it is so ordered.