CATHEY *v.* STATE.

Crim. 4069.

Opinion delivered November 22, 1937.

*George H. Holmes, Hendrix Rowell* and *Jay W. Dickey,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

GRIFFIN SMITH, C. J. Appellant was convicted of the crime of voluntary manslaughter and sentenced to serve four years in the penitentiary. All assignments of errors brought forward in the motion for a new trial are abandoned except No. 4, that ''The court erred in overruling defendant's motion for a continuance, over the objections and exceptions of the defendant.''

Appellant was one of a group of young men who engaged in a carousal in front of the home of Will Franklin, near the little town of New Edinburg, early in the evening of July 16, 1937. Lamar Reeves was cut, and

died several hours later at Franklin's home, where he had been carried immediately following the affray.

Appellant was arrested the following morning, and on July 22 was arraigned on a charge of first degree murder. The case was called for trial on July 28, and after the state had announced ready the defendant moved for a continuance on the ground that Dr. E. B. Dunman, a material witness, was temporarily without the jurisdiction of the court, and that, without fault of the defendant, he could not be subpoenaed. Dr. Dunman had gone to California for a short vacation.

The motion for continuance was made orally, one of the attorneys for the defendant having stated what facts could be proved by the absent witness. The court ruled that the oral motion might be reduced to written form during the progress of the trial and filed as a part of the record. The motion was thereupon overruled and the trial proceeded, the defendant having saved his exceptions.

On July 29, the second day of the trial, after witness in chief for the state had testified and had been cross-examined, the written motion for continuance was presented. The court found that certain statements as to facts which it was claimed Dr. Dunman would testify to had not been mentioned in the oral motion, and ruled that all matters presented in the oral motion might be read to the jury as the evidence of Dr. Dunman, but that alleged facts to which the doctor would testify which were not incorporated in the oral statements should be excluded, and to the exclusion of such statements the defendant saved exceptions.

We are of the opinion that if the motion, as finally written, had been presented to the court when the case was called, the facts alleged therein would have been sufficient to require a continuance, provided the defendant had affirmed his belief in the truth of such allegations. See § 1494, Pope's Digest, where it is provided that "The affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of

such facts in evidence, that the affiant himself believes them to be true," etc.

The affidavit as submitted was deficient in that appellant did not say that he, himself, believed to be true the testimony it was claimed Dr. Dunman would give. While the attestation of appellant contains a recitation that "I have read the foregoing motion for a continuance and the matters and facts and statements therein set forth are true and correct," this is merely an affirmance of appellant's belief that if Dr. Dunman were present he would testify as set out in the motion. It does not carry the expression of personal belief which the statute requires as an essential of the motion.

In *Lynch* v. *State,* 188 Ark. 831, 67 S. W. (2d) 1011, it was said: "No error was committed in overruling the motion for a continuance because of the absence of a witness, the motion not being in statutory form, the appellant not stating therein that he believed the testimony of the absent witness to be true." In *Estes* v. *State,* 180 Ark. 656, 22 S. W. (2d) 172, there is this declaration of the law: "A motion for a continuance was filed to obtain the presence and testimony of witnesses which would tend to establish the defense of the alibi which appellant interposed. The substance of the testimony of the witnesses was set out, and, while its materiality may be conceded, the motion did not recite, as the statute requires, §§ 1270 and 3130, Crawford & Moses' Digest, that the appellant believed this testimony to be true. There was, therefore, no error in overruling it, as it did not conform to the statute." See, also, *Weaver* v. *State,* 185 Ark. 147, 46 S. W. (2d) 37.

The judgment is affirmed.