## LEACH v. STATE.

4927                                  318 S. W. 2d 617

Opinion delivered December 15, 1958.

*Eugene Coffelt*, for appellant.

*Bruce Bennett*, Atty. General and *Russell J. Wools*, Asst. Atty. General, for appellee.

WILLIAM J. SMITH, Associate Justice. While the appellant, Bill Leach, was driving his automobile west on U. S. Highway 71 between Bentonville and Rogers on March 12, 1958, two members of the Arkansas State Police who were driving behind him saw him weaving from one side of the road to the other. They overtook Leach and succeeded in stopping him. The appellant was arrested and charged with operating an automobile upon a public highway while he was under the influence of intoxicating liquor, second offense. The jury found him guilty and fixed his punishment at a fine of $250 and ten days in jail. Pursuant to the jury verdict, the Circuit Court sentenced the appellant and suspended his driver's license for a period of one year.

For reversal, the appellant contends that the trial court erred in refusing to quash the jury panel and in refusing to grant a continuance; that the jury verdict was based upon prejudice; and, that certain remarks by the Prosecuting Attorney in his closing argument were prejudicial.

At the trial the testimony of the arresting officers and others was to the effect that the appellant was unsteady on his feet; that his speech was not clear; that his face was flushed; and, that he had the smell of intoxicating liquor on his breath. For purposes of this opinion we do not consider it necessary to further summarize the evidence.

With reference to his first assignment of error, the appellant refers to a colloquy between the Court, and the appellant and his counsel at the time the case was set for trial. In our opinion, the appellant has failed to state any statutory ground for challenging the jury panel. Section 43-1911 Ark. Stats. 1947. Also, he is in no position to complain about the jury panel since he failed to exercise his peremptory challenges. *Hooper* v. *State,* 187 Ark. 88, 58 S. W. 2d 434.

The appellant's second contention likewise has no merit. He moved orally for a continuance on the ground that a witness he desired to use was absent, and he did

not file an affidavit setting forth information specifically required by the applicable statute. Section 27-1403 Ark. Stats. 1947. Further, a motion for continuance is a matter within the sound discretion of the trial court and we find nothing in the record to indicate an abuse of discretion in this case. *Turner* v. *State,* 224 Ark. 505, 275 S. W. 2d 24.

Apparently the appellant's contention that the jury's verdict was based on prejudice is predicated upon what he describes as conflicting and ridiculous evidence adduced by the State. It is settled that the jury weighs the evidence and in this case it did so on instructions from the Court to which the appellant did not object. The testimony to which we have referred, we think, constituted substantial evidence to support the verdict of the jury. *Slavens* v. *State,* 226 Ark. 62, 287 S. W. 2d 892.

In making his closing argument, the Deputy Prosecuting Attorney said: "In my opinion, he was driving while under the influence of intoxicating liquor, like Joe Means said—strong like he had been by the cider mill." Joe Means, Sheriff of Benton County, had testified that when arrested, the appellant was unsteady on his feet; that his speech was very bad; and, that he had the smell of alcoholic beverage on his breath. In our opinion, this statement by the Deputy Prosecuting Attorney while arguing the case to the jury was nothing more than a permissible comment on the evidence in the case. *Willis* v. *State,* 220 Ark. 965, 251 S. W. 2d 816.

The judgment of the circuit court is affirmed.