## Leonard JOHNSON v. STATE of Arkansas

5631                                    473 S.W. 2d 155

Opinion delivered November 1, 1971

[Rehearing denied December 13, 1971.]

*Louis W. Rosteck,* for appellant.

*Ray Thornton* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The trial court, sitting without a jury, found the appellant guilty of burglary and grand larceny and sentenced him to four years imprisonment on each charge. Three points for reversal are argued by counsel.

At about 10:45 p.m. on January 16, 1970, two Jacksonville police officers stopped a car which was traveling too slowly and was swerving back and forth across the center line of the street. Three men were occupying the front seat of the car: Sylvester Blue, who was driving, a man named Hicks, and the appellant, Leonard Johnson. The officers observed three pistols on the floor of

the front seat and a number of articles in the back seat, including a portable television set bearing the tag of the Western Auto Store at Cabot.

The men were taken to the Jacksonville police headquarters, where Blue and Johnson were tested for intoxication by means of a device called a toximeter. The instrument showed a reading of zero for each man, which meant that no degree of intoxication was present. The appellant now contends that the results of the tests should not have been admitted in evidence, it being argued (*a*) that the toximeter must not have been working properly, since one officer testified that Blue appeared to be under the influence of intoxicants when he was arrested, and (*b*) that Officers McNary and Southern described the tests, but neither of them was listed either as an operator or as a witness on the written report of the tests.

We find no merit in this contention. Blue's condition may have been due to drugs rather than to the consumption of alcoholic beverages, in which case the toximeter's reading would have been correct. Officer Southern testified that he was qualified to give the test and that he witnessed the test as it was being given by Sergeant Crook. The omission of Southern's name from the written report may have given rise to some doubt about the credibility of his testimony, but it certainly did not make the test results inadmissible.

Secondly, the appellant contends that he was under the influence of drugs or intoxicants to such an extent that he could not form the necessary intent to commit burglary or larceny. *Chrisman* v. *State*, 54 Ark. 283, 15 S. W. 889, 26 Am. St. Rep. 44 (1891). Upon this issue there was conflicting substantial evidence; so the trial court's finding settles the question. Johnson testified that earlier that evening he had drunk whiskey and beer and had taken two red pills, presumably drugs. He said that, realizing that he was getting "high," he lay down in a car belonging to Isaac Neyland, in the expectation that Neyland would take him home, as he often did. Johnson testified that he remembered nothing else until

the officers were telling him to get out of the car (which was in fact Neyland's car). Neyland corroborated Johnson's testimony by saying that when he found Johnson passed out in the car he asked Sylvester Blue to drive Johnson home.

On the other hand, the arresting officer said that he did not notice any intoxicants. Officer Southern testified that Johnson had not been drinking, that there was no smell of intoxicants about him, and that Johnson acted normally. The toximeter, as we have said, showed no degree of alcoholic intoxication. Upon such conflicting proof we are bound by the trial court's conclusion that Johnson was not shown to have been unable to form a specific intent to commit larceny or burglary.

Finally, Johnson argues that the evidence is insufficient to support a finding of guilty upon either charge. Again, there is substantial evidence to sustain the court's judgment. The Western Auto Store at Cabot had been burglarized earlier that same evening. A large quantity of merchandise was taken and was found in the Neyland car when the officers obtained a search warrant and searched the car. The stolen property in the car included a television set, 7 radios, 2 tires, 24 watches, 12 pistols, 20 rifles, and 28 boxes of ammunition. The three men were in the car together when the officers stopped them. Sylvester Blue was using Johnson's driver's license, though Johnson professed to be unable to explain how Blue obtained it. Johnson appeared to be in possession of his faculties and to be acting normally. Hence there was ample proof to support the trial court's conclusion that Johnson had acted in concert with the other men in the commission of the offenses with which he was charged.

Affirmed.