VAL BROWN *v.* STATE OF ARKANSAS

5566                                      481 S.W. 2d 366

Opinion delivered June 12, 1972

*Guy H. Jones, Phil Stratton* and *Guy Jones Jr.,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of the crime of escape and assessed his penalty at one year in the State Penitentiary. Appellant was subsequently sentenced to 5 years in the penitentiary pursuant to the habitual-criminal act. On appeal the appellant contends for reversal that the verdict was contrary to law and the evidence.

The State adduced testimony from a deputy sheriff, a custodian of the local county jail, that the appellant was incarcerated there serving a one year's sentence on a previous escape charge. In the absence of any objection to this testimony as not being the best evidence of appellant's conviction and sentence, we are of the view that this testimony was sufficient to meet the requirements of Ark. Stat. Annot. 41-3513 (1971 Supp.) to establish that appellant was "lawfully imprisoned" in the county jail. See, also, *Harding & Hildebrandt* v. *State,* 248 Ark. 1240, 455 S.W. 2d 695 (1970).

The State further adduced evidence that the appellant was in the local county jail at approximately 5 p.m. when

the prisoners were fed and that about 10:30 p.m. it was discovered that a hasp, which fastened the outer door of the cell, was broken and the appellant and other prisoners were missing. Later that night appellant was apprehended in the locality. Appellant testified that he left the jail, following the escape of other inmates, for the purpose of notifying the local officers about the jail break. The conflicting versions of appellant leaving his place of confinement present a question of fact for the jury to determine as to appellant's intent. *Cassady* v. *State,* 247 Ark. 690, 447 S.W. 2d 144 (1969). We think there is substantial evidence to support the verdict.

Appellant, also, asserts that the court erred in refusing his motion for a continuance. The appellant had received continuances at two previous terms of court when represented by an attorney of his own choice. Five days before this trial he secured the services of a different attorney. It was urged that another continuance was necessary for trial preparation by his new counsel and, also, to secure the attendance of a necessary witness. No verified motion setting forth any statutory grounds to support appellant's motion for continuance was filed.

A motion for continuance is addressed to the sound judicial discretion of the trial court, and we do not reverse its action in the absence of abuse of discretion. *Nash* v. *State,* 248 Ark. 323, 451 S.W. 2d 869 (1970), *Eddy* v. *State,* 165 Ark. 289, 264 S.W. 832 (1924). Furthermore, the motion for continuance based upon the absence of a witness is properly overruled when there is no proof, as here, of the testimony to be offered by the absent witness. *Hill* v. *State,* 250 Ark. 812, 467 S.W. 2d 179 (1971), *Eddy* v. *State, supra.* In the circumstances we are of the view that the court did not abuse its discretionary authority in refusing a continuance.

Appellant, also, attacks the constitutionality of our habitual-criminal statutes, Ark. Stat. Annot. § 43-2328 to 2331 (Supp. 1971), pursuant to which he was sentenced. We have considered and upheld the constitutionality of these acts. *Poe* v. *State,* 251 Ark. 35, 470 S.W. 2d 818, (1971), *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108, (1971).

Affirmed.