EARL W. PETRON AND ROBERT LEE BAKER v. STATE OF ARKANSAS

5724                                          481 S.W. 2d 722

Opinion delivered June 26, 1972

*Chambers & Chambers* and *McKay, Chandler & Choate,* for appellants.

Ray Thornton, Atty. Gen., by: *Jay N. Tolley,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellants Earl W. Petron and Robert Lee Baker were convicted of burglary and grand larceny committed on Thanksgiving day 1971. For reversal they contend:

"1. The court erred in ruling that the consent to search was valid;

2.  The trial court erred in refusing a severance;

3.  The value of the stolen goods was not proven;

4.  The testimony of the accomplice was not corroborated as to appellant Earl W. Petron; and

5.  The court erred in giving Instruction No. 3."

POINT 1. The record shows that Thomas Bryan had rented a house at 915 North Jefferson, Magnolia, Arkansas. At the time the stolen goods involved were recovered from Bryan's residence it was occupied by Earl W. Petron and Robert Lee Baker and his wife. Petron slept on a couch in the living room and Baker and his wife occupied one of the two bedrooms. The officers had been looking for Bryan's station wagon from the time the burglary was discovered on November 25th, until the

early morning of November 29, when it was observed at his house. When Bryan started after some beer for his father-in-law, he was stopped by some officers who observed a flashlight in the back seat which was identified by Mark Hanson as one taken from his home in the burglary. Bryan testified that after the officers gave him the Miranda warnings, they told him they would have to get a search warrant to search his house. He told them that was not necessary because he would give them permission. When the officers and Hanson entered the house they saw several items recognizable as belonging to Hanson—one of which was a sewing machine in the bedroom occupied by the Bakers, but readily observable through an open door.

Testimony at the hearing to suppress leaves some doubt as to the status of Petron and Baker—*i.e.,* whether they were subtenants or guests. It is clear from the testimony, however, that the portion of the house searched by the officers, other than recovery of the visible sewing machine, was that part of the house used in common by all the occupants or exclusively by Bryan. Thus so far as the record is concerned the officers entered no place for search that they would not have been entitled to enter as guests of Bryan.

In *Asher* v. *City of Little Rock,* 248 Ark. 96, 449 S.W. 2d 933 (1970), we held that one having co-equal authority over premises may authorize a search of them. We uphold the search in question for the same reason.

Appellants also suggest that Bryan's permission was coerced. In this connection they point out that Bryan was also charged with the burglary and grand larceny; that he became a witness for the State; and has not yet been brought to trial. However, there is evidence by Bryan showing that his permission was voluntarily given without fear of punishment or hope of reward. On the record we cannot say that the trial court's finding on the issue of voluntariness is contrary to the evidence.

POINT 2. Witness Hanson was present when the officers entered Bryan's house where appellants were ar-

rested and some of the goods taken in the burglary were recovered. The following occurred on direct examination:

"Q. Would you tell me as to the defendant Baker? What was his response?

"A. His response was that "I done it.' He robbed my house.

"MR. CHANDLER:
I object to that, your Honor.

"THE COURT:
The objection will be overruled."

In a "Denno hearing," the voluntariness of Baker's confession had been determined. Appellants now argue that there was no protection furnished Petron because the jury was not admonished that the statement could be considered only as to Baker. In *Ballew* v. *State*, 246 Ark. 1191, 441 S.W. 2d 453 (1969), we pointed out that the granting of a severance is within the discretion of the trial court and in *Ballew* v. *State*, 249 Ark. 480, 459 S.W. 2d 577 (1970), that one who failed to ask for a cautionary instruction was not in a position to claim error. Appellants here failed to ask for a cautionary instruction. Thus the trial court did not err in failing to give such instruction.

POINT 3. The contention that the State failed to prove the value of the articles taken is not supported by the evidence. Mr. Hanson identified a World War I rifle which he valued at $35 or $40, a sewing machine at $200 and an assortment of tools having a value of $60 to $70. Under Ark. Stat. Ann. § 41-3907 (Repl. 1964), the State was only required to show that the value of the items taken exceeded $35 to make the crime grand larceny. The evidence here more than sustains that burden.

POINT 4. Appellant Petron points to Ark. Stat. Ann. § 43-2116 (Repl. 1964), urging that since Bryan was an accomplice there is not sufficient corroborating evidence in the record to sustain his conviction. Under that statute the

corroboration is ordinarily considered sufficient when testimony other than that of the accomplice, is sufficient to establish the commission of the offense and a connection of the accused therewith. When viewed from that standpoint, we hold the evidence sufficient.

The proof shows that the burglary was committed on Thanksgiving day sometime between 3:00 p.m. and 9:00 p.m. Petron was observed about a city block from Hanson's home about 6:00 p.m. by Ritchie Barker who testified that Petron had raised the hood of his station wagon, described as similar to the one driven by Bryan. When Ritchie asked if he needed help, Petron said, "Its just a loose wire and I found the problem." Hanson testified that property having a value of $12,000 was removed from his home. Hanson's home is eleven miles from Magnolia. When asked how to get to the property Hanson stated:

> "You go out on the Taylor highway, turn back on —go through by Rudds' crossing, on out toward Cook's crossing, back about two miles to your left, this side of Cook's crossing, go towards the creek to the third house on the left."

When the remote location and isolated nature of the residence is considered in connection with Petron's presence in the area on a Thanksgiving holiday and his subsequent possession of the property, we find that there is sufficient evidence to show the commission of the crime and Petron's connection therewith.

POINT 5. The appellants now contend that Instruction No. 3 was misleading. This objection was not raised in the trial court. We will not consider it for the first time on appeal.

Affirmed.