TOMMY EDWARD THACKER v. STATE OF ARKANSAS

5798                                        489 S.W. 2d 500

Opinion delivered January 29, 1973

Appellant Pro Se.

*Ray Thornton,* Atty. Gen., by: *Julie W. McDonald,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Thacker appeals from a conviction of the crime of burglary and his sentencing under the habitual criminal act. He asserts that the trial court erred in denying him a continuance. His motion for continuance was based upon the absence from the trial of Leon Garner, Ruthe Doe and Jo Ann Roe. In the subpoena issued to the sheriff of Garland County for these witnesses, Garner was described as "operator of Cliff's Drive Inn," and the other two were stated to be persons who worked at that establishment. This subpoena for attendance at the trial on April 18, 1972, was issued on April 10. The return, dated April 13 and signed by a deputy sheriff, stated that, after a diligent search, he failed to find the witnesses named in Garland County. Appellant asserted that these witnesses would establish an alibi defense, i.e., that he was in Hot Springs at the time of the burglary with which he was charged.

The circuit judge, before conducting a hearing on the oral motion, observed that notice had been given on March 31, 1972, that the case would be tried on April 18. The appellant declined to testify in support of his motion, after his request for a hearing in camera was granted. No evidence was offered in support of appellant's motion. Thacker's principal argument here is that, since the subpoena was in the hands of the Garland County sheriff, who had placed a detainer against him on a charge pending in Garland County, for only one day, a diligent search for the missing witnesses could not possibly have been made.

Our statutes provide that, if the opposite party requires it, a motion to postpone a trial on account of the absence of a witness shall be made only upon affidavit, stating the facts to be proved by the witness and the

affiant's belief in their truth, showing the materiality of the anticipated testimony, due diligence on the part of the party asking postponement, the lack of connivance at, consent to, or procurement of, the absence by the movant. Ark. Stat. Ann. §§ 27-1403, 43-1706 (Repl. 1964). These statutes also permit the opposing party to controvert these statements by evidence.

We have consistently held that the matter of granting or denying a continuance on account of the absence of a witness in a criminal case is within the sound judicial discretion of the trial court and that its action will be disturbed on appeal only in case of abuse. *Brown* v. *State,* 252 Ark. 846, 481 S.W. 2d 366; *Nash* v. *State,* 248 Ark. 323, 451 S.W. 2d 869; *Striplin* v. *State,* 100 Ark. 132, 139 S. W. 1128; *Walker* v. *State,* 100 Ark. 180, 139 S.W. 1139. Among the matters to be considered by the court in exercising this discretion are the diligence of the movant, the probable effect of the testimony at the trial and the likelihood of procuring the attendance of the witness in the event of a postponement. *Striplin* v. *State,* supra. The purpose of the requirement of an affidavit is to permit the trial judge to evaluate the adverse party to controvert the movant's statements in regard thereto. The failure to file such an affidavit is a significant factor in appellate review of the trial court's denial of such a motion. *Leach* v. *State,* 229 Ark. 802, 318 S.W. 2d 617. Here, there was neither affidavit nor testimony to show what the witnesses would testify, appellant's belief in the truth of their testimony, what appellant had done to assure timely issuance and service of the subpoena, or to show that their absence was not the result of an act or omission on his part, or that there was any probability that these witnesses would ever be available. Under these circumstances we cannot say that there was any abuse of the circuit judge's discretion. See *Cathev* v. *State.* 194 Ark. 1074, 110 S.W. 2d 17; *Davis* v. *State,* 155 Ark. 245, 244 S.W. 750.

Appellant then asserts that the circuit judge erred in failing to direct a verdict of acquittal. His argument is that the testimony of Shirley Kimbrough, an alleged accomplice, was not corroborated by other evidence tending to show his connection with the crime as required by Ark. Stat. Ann. § 43-2116 (Repl. 1964). The test of sufficiency is whether, if the testimony of the accomplice should be eliminated, the remaining evidence would establish the commission of the offense and the connec-

tion of the accused with it. *Petron* v. *State,* 252 Ark. 945, 481 S.W. 2d 722; *Froman* v. *State,* 232 Ark. 697, 339 S.W. 2d 601. Corroborating evidence which only raises a suspicion of guilt is not enough. *Underwood* v. *State,* 205 Ark. 864, 171 S.W. 2d 304. But it need not be sufficient, for conviction, standing alone. It need only tend to connect the defendant with the commission of the offense. *Strout* v. *State,* 249 Ark. 24, 458 S.W. 2d 42.

The corroborating evidence here is clearly sufficient. It is admitted that the Custom Woods Products Building in Fort Smith had been burglarized on the night of February 10, 1972. Carl Leding, the owner of the business, testified that a number of blank checks bearing the name of his business were taken from the building on that occasion and gave the numbers that these checks bore. Some of these checks were found in a plastic bag under some clothing in an automobile owned by a Miss Shelby which had been occupied by Thacker and his codefendant, Ronald Dunn, a former employee of Leding. Thacker's fingerprints were found on these checks. The innkeeper at Holiday Inn South in Fort Smith testified that Thacker registered at the inn under the name "Eddie T. Madden" at 2:35 p.m. on February 10, 1972.

Evidence that an accused was found in possession of property stolen as a result of a burglary, or that it was found in an automobile in which he is a passenger, is sufficient to support a conviction of the burglary. *Johnson* v. *State,* 251 Ark. 291, 473 S.W. 2d 155; *Lee* v. *State,* 200 Ark. 1189, 141 S.W. 2d 845; *Kelley* v. *State,* 191 Ark. 674, 87 S.W. 2d 400. Certainly evidence of possession of the stolen checks by Thacker tended to connect him with the burglary charged and constituted sufficient corroboration of the testimony of the accomplice. *Jones* v. *State,* 205 Ark. 806, 171 S.W. 2d 298.

Appellant also contends that error was committed by permitting the introduction of evidence under the habitual criminal act. The constitutionality of this act has been sustained by this court several times. *Brown* v. *State,* 252 Ark. 846 (1972), 481 S.W. 2d 366; *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108; *Poe* v. *State,* 251 Ark. 35, 470 S.W. 2d 818. The second count of the information charged that the punishment lay within the purview of Ark.

Stat. Ann. § 43-2328 (Supp. 1971) because appellant and his codefendant had been previously convicted, at least once, of a crime punishable by confinement in the Arkansas State Penitentiary. The procedure set out by Ark. Stat. Ann. § 43-2330.1 (Suppl. 1971) was substantially followed. The jury returned a verdict finding appellant guilty, which was the only question submitted to it at the conclusion of the trial. The prosecuting attorney then requested permission to offer evidence of previous convictions and offered certified copies of three such convictions. Only a general objection to their introduction was made. The court instructed the jury upon the application of the habitual criminal act. The jury retired, deliberated and arrived at appellant's sentence. Appellant, when asked if there was any reason why the sentence thus fixed should not then be imposed, only renewed his profession of innocence and complained of the absence of witnesses, particularly of some relatives for whom no subpoena was issued. We find no reversible error on this point.

The judgment is affirmed.