JAY RANDALL WOLFS *v.* STATE OF ARKANSAS

CR 73-72                    498 S.W. 2d 878

Opinion delivered September 17, 1973

98

*Murphy, Carlisle & Taylor,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the crime of assault with intent to kill. His punishment was assessed at 19 years in the penitentiary and from a judgment on that verdict comes this appeal. Appellant first contends for reversal that the court erred in its failure to grant appellant's motion for a continuance. We cannot agree.

Ark. Stat. Ann. § 43-1705 (Repl. 1964) provides that defendant must show "sufficient cause" to secure a continuance. Appellant acknowledges that in interpreting this statute the rule is well established in our state that a motion for continuance is addressed to the sound discretion of the trial court and we do not reverse on appeal absent the showing of abuse of discretion. *Scates and Blaylock* v. *State,* 244 Ark. 333, 424 S.W. 2d 876 (1968) and *Nowlin* v. *State,* 252 Ark. 870, 481 S.W. 2d 320 (1972). Furthermore, the burden is upon the appellant to demonstrate abuse of discretion. *Perez* v. *State,* 236 Ark. 921, 370 S.W. 2d 613 (1963). Therefore, in the instant

case, appellant must demonstrate such prejudice resulting from the denial of his motion for continuance as to result in ineffective representation.

A few days after the commission of the alleged offense, the appellant, along with a co-defendant, was arraigned at which time the public defender was appointed as counsel to represent them and a trial date was set approximately three weeks later. On trial date the court permitted the public defender to withdraw as counsel for appellant because there was a conflict of interest inasmuch as the public defender would be representing a witness for the prosecution, appellant's co-defendant who testified for the state. The trial court immediately appointed present counsel to defend appellant. When the trial began 1 1/2 days later, appellant's counsel made an oral motion for a continuance based upon the statement that even though he had investigated the case as thoroughly as possible, the case should be continued "due to the number of witnesses the state will call (approximately ten witnesses) and because of the necessity of talking with the defendant and talking with witnesses for the defendant;" that it was impossible to talk with all witnesses before the trial and it would be "practically impossible to defend" the appellant properly; that it had come to counsel's attention "last night that this defendant has had psychiatric problems in the past and that in order to develop a possible defense of mental deficiency" it would be necessary to have a thorough psychiatric examination; that the defendant's relatives had not been contacted and "last night" appellant's father had called appointed counsel; that appellant's father was en route and "it is believed the father can give vital information in regard to defendant's background and in regard to matters necessary to properly defend this person;" and that non-resident character witnesses could be contacted.

In reply to the court's inquiry, appellant's counsel acknowledged that the public defender's office had furnished him the results of the investigation of the case, consisting of a narrative report of three of the state's nine witnesses. It was determined that some of these witnesses would testify with respect to the circumstances surround-

ing the arrest and items of evidence. One of appellant's two newly appointed counsel stated that "one major witness we have not talked to," other than a firearm expert, is the prosecuting witness who had been out-of-town. It was then determined that the prosecuting witness was present in the court room and available for interrogation. Upon the court's further inquiry, appellant's counsel stated that a local psychiatrist was scheduled to examine the appellant that very morning. Further that his examination would require 5 1/2 hours and another two or three hours for an evaluation. The court then remarked that he would permit the appellant's attorneys to talk to the witnesses, examine the evidence and "let you have Dr. Finch (local psychiatrist) examine him" and that if Dr. Finch found the appellant psychotic, "I'll send him to the state hospital now and that ends it, but if he says he isn't, I don't know of any reason we can't go to trial." Thereupon, late that morning the court impaneled the jury and recessed until 9 a.m. the next morning, which afforded the appellant additional time for trial preparation.

The next day the state's prosecuting witness, whom the court had made available to appellant, testified that in the late hours of the night, as he was driving his truck on a local highway, a car approached him and someone fired through his windshield; that in a few minutes this car turned around and as it came alongside his truck the occupant of the rear seat leaned out the window and fired a shot through the door on the driver's side. A short time later appellant's co-defendant, testifying for the state, admitted that he was the driver of the car and they had engaged in a shooting spree late that night, consisting of shooting out street lights, and appellant had fired the two shots from their vehicle at the truck driver. The appellant, testifying in his own behalf, admitted the escapade, except he expressly denied that he shot at an notorist. The state and the defense stipulated as to he testimony of the firearm expert and the other witnesses merely testified as to the circumstances of the arrest. Appellant's grandfather attended the trial and testified that in Arizona where he lived the appellant had enjoyed a good reputation as a resident there.

The local psychiatrist testified that he had conducted his examination and concluded his evaluation. He found appellant to be "fairly normal psychiatrically" although somewhat irresponsible, impulsive and adolescent. "[A]lthough the patient is twenty-one years of age, I would feel that he is still going through adolescent behavior." "[N]o evidence of psychosis at the present time." "[N]o evidence of organic brain disease at the present time." His evaluation was based entirely upon his examination of the appellant. The record does not reflect there were any medical records in existence with reference to appellant's asserted mental deficiency and neither did the defendant testify that he had suffered in the past from any mental problems. It was not indicated by Dr. Finch, appellant's own witness, that he needed additional time or information in order to adequately evaluate the appellant's mental condition.

It appears that only one subpoena was issued for a witness at appellant's request. This individual could not be located and we cannot understand from the record what would be the nature of the testimony of this witness as no proffer of proof was made. Another local witness who appeared at appellant's request was not used inasmuch as counsel and appellant were of the view that he would be of no assistance as a character witness. We note that appellant had testified that he was convicted of a felony in another state for the sale of dangerous drugs and, locally, he was convicted of disorderly conduct and twice for public drunkenness.

Our rule, as stated *supra,* is that the granting or refusing of a continuance is within the sound discretion of the trial court and the burden is upon the appellant to demonstrate abuse of discretion in accordance with the general rule. In *Chambers* v. *Maroney,* 399 U.S. 42 (1970), the court observed:

> But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel.

We are of the same view.

In several of our recent Arkansas cases dealing with eve of trial appointment or retention of counsel, we have upheld a denial of a motion for continuance. In *Brown v. State,* 252 Ark. 846, 481 S.W. 2d 366 (1972), we held there was no prejudice demonstrated where the motion for continuance was denied when the defendant himself changed counsel five days prior to trial. In *Gathright v. State,* 245 Ark. 840, 435 S.W. 2d 433 (1968), we approved a denial of a continuance where new counsel was employed seven days prior to trial; and in *Ebsen v. State,* 249 Ark. 477, 459 S.W. 2d 548 (1970), we found no abuse of discretion in denying a continuance where counsel was retained three days prior to trial after previous counsel withdrew due to defendant's refusal to pay him. In *Therman v. State,* 205 Ark. 376, 168 S.W. 2d 833 (1943), we found no abuse of discretion in a refusal of a motion for a continuance where the defendant's counsel did not show up the day of the trial and another attorney was appointed and the trial was delayed only three hours. In that case, the defendant knew for several days his counsel would not show up and all witnesses were present in the court room.

However, the appellant makes the argument that in those cases continuances were given previously, or change of counsel was the voluntary act of the defendant, or defendant knew of the impending withdrawal. Therefore, they can be distinguished from the case at bar inasmuch as the change of counsel was unconnected with defendant's conduct.

We are of the view from the totality of the circumstances that the appellant has not met the required burden of showing that he was prejudiced by late appointment of present counsel. When the trial began, 1 1/2 days after appointment, the court was recessed until the next day giving appellant's counsel additional time for trial preparation. The public defender had made available to present counsel results of his investigation. The "major" witnesses in the case were the prosecuting witness and the firearms expert. The testimony of the firearm expert was

given by stipulation. The court made available to the appellant's counsel the prosecuting witness for questioning as well as all other witnesses. A sufficient time was given for a mental examination by a psychiatrist of appellant's own choice. At trial the next day, after this extension of time, appellant's counsel did not deem it necessary to renew his motion for a continuance nor add any additional basis for a continuance.

Significantly, during the time the jury was deliberating, the trial court made an extended inquiry of appellant and his counsel as to whether either of them had any complaint with reference to the trial. Neither expressed any complaint. The appellant stated that he was "satisfied" with the presentation of his case and that his counsel had interviewed him for two days with reference to his case. His counsel stated that he had seen appellant during this time for a "total of at least 8 to 12 hours." Appellant acknowledged that they had answered all his questions and had tried to get all the witnesses he desired. "I don't have any complaints. They did the best they could, with what they had." Counsel had treated him as a gentleman and researched and answered any questions that he had. He agreed that his counsel's decision was correct not to use a character witness he had asked them to call.

We agree as in *Chambers* v. *Maroney, supra,* that our courts should always make an early appointment of counsel in indigent cases and further we cannot formulate "a *per se* rule" or standard which would require a reversal of every conviction as a result of a tardy or late appointment. Although the case at bar has given us much concern, however, in considering all the circumstances of the late appointment of counsel, we cannot say that the appellant has met the burden of demonstrating that the court abused its discretionary authority. We will, of course, continue to closely scrutinize the entire proceedings whenever the issue of late appointment of counsel is presented.

Appellant next contends for reversal that the court erred in permitting the prosecuting witness to testify about his position in the truck at the time the second shot was fired through the door on the driver's side inas-

much as his testimony was "so inflamatory as to materially prejudice appellant's rights at the time." We agree with the trial court that the prosecuting witness certainly could testify as to where he was sitting and where he would normally be sitting. The appellant favors us with no citation to support his contention. Certainly the prosecuting witness should be allowed to state what his sitting position as a driver was under normal driving conditions and as to his position to avoid bodily injury at the time he was fired upon the second time. We cannot understand how this testimony could be said to be inflamatory or conclusionary so as to materially prejudice appellant's rights.

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. Although I am well aware of the problems of circuit judges in maintaining docket currency and affording a speedy trial in criminal cases, I reluctantly concur in the result reached in this case. My reluctance is attributable to my recognition of the problems encountered by appointed counsel in affording effective assistance, in the limited preparation time afforded here, to one charged with such a grave offense based on such inexplicable conduct. I am forced to agree, however, that prejudice in this case is not so obvious that we can say there has been such a manifest abuse of the broad discretion vested in the circuit judge in the matter of continuances to relieve appellant of any showing of prejudice. It is only because appellant failed to properly demonstrate prejudice that I concur.

The principal arguments advanced on behalf of appellant in this respect are:

1. When the case was called for trial, one and one-half days after the appointment, appointed counsel had been unable to interview any of the witnesses for the prosecution and had been provided only a narrative report of interviews of three witnesses

(unidentified in the record) by the public defender, who apparently quickly (and appropriately) abandoned the investigation when a conflict of interest appeared.

2. Physical evidence pertinent to the state's case was not made available for examination by newly appointed counsel until the day the case was set for trial.

3. Inadequate opportunity for medical examination, in view of the bizarre conduct alleged and a history of prior psychiatric problems experienced by appellant.

4. Character witnesses from Tucson, Arizona, where appellant had lived until three months prior to the alleged offense, could not reach Fayetteville in time to testify.

Appellant concedes that the burden of showing abuse of discretion lay upon him. He has failed to show:

1. The names of witnesses not interviewed by appointed counsel and the testimony or information which could have been elicited from them.

2. The content and inadequacy of the public defender's narrative report furnished his counsel.

3. The inadequacy of appointed counsel's examination of the physical evidence and the revelations which examination would have afforded.

4. The history of his psychiatric problems.

5. The names of character witnesses who would have come to Fayetteville and testimony which would have been given by them.

The above list of omissions is intended to be illustrative and not exhaustive.

In *Thacker* v. *State,* 253 Ark. 864, 489 S.W. 2d 500, we held there was no abuse of discretion in the denial of a continuance to a defendant in a criminal case, where the movant failed to file any affidavit or to produce evidence showing the facts to be proved by an absent witness, the affiant's belief in their truth, the materiality of the anticipated testimony, and due diligence on the part of the defendant [as required by Ark. Stat. Ann. §§ 27-1403, 43-1706 (Repl. 1964)] or that there was any probability that absent witnesses would be available. The failure to file such an affidavit is a critical factor, to say the least, in appellate review of the trial court's action in denying a continuance. *Thacker* v. *State,* supra; *Leach* v. *State,* 229 Ark. 802, 318 S.W. 2d 617. The failure to file such an affidavit, where the motion is based upon absence of witnesses, has been held fatal to an appellant who seeks reversal on that basis. *Carter* v. *State,* 196 Ark. 746, 119 S.W. 2d 913. While other grounds for the motion are not required to be so shown, reliance was here placed entirely upon counsel's conclusional statements. It is extremely difficult to assess the prejudice to the defendant in the absence of such a showing.

Lest it be said that appellant's appointed counsel were unable to produce supporting evidence for the motion for continuance in the limited time available, I point out that they were not thereby foreclosed. Even though a motion for new trial is no longer a requisite for appellate review, it is still a permissible procedure. Ark. Stat. Ann. § 43-2704 (Supp. 1971). A trial court may grant a new trial when the defendant's substantial rights have been prejudiced by a verdict, if the court is of the opinion that the defendant has not received a fair and impartial trial. Ark. Stat. Ann. § 43-2203 (Repl. 1964). The circuit court's refusal to grant a continuance would have been a proper ground tor such a motion, if it had been made to appear that there was an abuse of discretion or manifest denial of justice. See *Figeroa* v. *State,* 244 Ark. 457, 425 S.W. 2d 516; *Jones* v. *State,* 205 Ark. 806, 171 S.W. 2d 298; *French* v. *State,* 205 Ark. 386, 168 S.W. 2d 829; 58 Am. Jur. 2d 325, New Trial, § 117. On making such a motion, appellant would have been

afforded an opportunity to tender evidence to show prejudice, if it was impossible to do so at the time of his motion for continuance. See *Tyson* v. *State,* 196 Ark. 1179, 120 S.W. 2d 29; *Gross* v. *State,* 242 Ark. 142, 412 S.W. 2d 279; *Cooper* v. *State,* 215 Ark. 732, 223 S.W. 2d 507; *Pinson* v. *State,* 210 Ark. 56, 194 S.W. 2d 190; 58 Am. Jur. 2d 422, New Trial, § 204.

Since appellant failed to avail himself of his opportunities to make a showing of prejudice and to afford the trial judge a chance to review his action denying a continuance in the light of evidence not before the court at the time it was denied, I concur.

Although there is no fundamental difference in the basic reason for my reaching the same result arrived at through the reasoning of the majority opinion, I feel compelled to state my approach to the question because I cannot subscribe to that portion of the majority opinion which seems to find insulation against appellant's complaint about the denial of his motion for continuance in his and his attorneys' responses to the circuit judge's interrogation that he had no complaint about the trial. Statements that the appellant was satisfied with his attorneys' presentation of his case, their efforts to obtain attendance of all the witnesses he desired and their consultation with, and advice to, him are a far cry from an admission that counsel could not have been better prepared if given more time for investigation and his case put in a better light if other evidence, not available at the time of trial, had been presented, particularly when appellant's responses are qualified by saying that "they (counsel) did the best they could with what they had."

For the reasons I have stated, I would affirm the judgment.