## Robert CONWAY v. STATE of ARKANSAS

CR 73-158                                          505 S.W. 2d 758

### Opinion delivered March 4, 1974

*Jim Gunter*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *O. H. Hargraves*, Dep. Atty. Gen., for appellee.

CONLEY BYRD, Justice. This is a criminal case in which the only issue on appeal is whether the trial court abused its discretion in refusing to grant a motion for a continuance because of the absence of an alleged alibi witness. The motion was denied, and appellant was convicted of burglary and grand larceny. We affirm.

Appellant asserts he hitchhiked a ride with Richard Stewart at the time of the alleged crime. Appellant's appointed counsel filed the motion for a continuance, Ark. Stat. Ann. §§ 43-1705—43-1706 (Repl. 1964), lacking the necessary affidavits, Ark. Stat. Ann. § 27-1403 (Repl. 1962), immediately before the trial setting out the facts he hoped to prove by the alleged missing alibi witness. Counsel for appellant advised the court in presenting the motion that the witness was subpoenaed, but the witness was apparently in the air force and out of the state. Nobody seemed to know where the witness was stationed or how long ago he joined the air force. Counsel first attempted to subpoena the alleged alibi witness the week before the trial, and that was when it

was first learned the witness was in the air force. Counsel stated he had no contact with the witness, and it was not known whether the witness could establish appellant's alibi. The motion was denied.

The testimony at trial included two eyewitness identifications at the scene and appellant's own testimony he was at the burglary scene near the time of the crime.

Ark. Stat. Ann. § 27-1403 provides, in pertinent part, that:

"A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, that the affiant himself believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement. * * *"

It is settled the granting of a continauance by the trial court is within the sound discretion of court. See, *e.g.*, *Roach* v. *State*, 255 Ark. 773, 774, 503 S.W. 2d 467 (1973); *Thacker* v. *State*, 253 Ark. 864, 866, 489 S.W. 2d 500 (1973).

In *Thacker, supra*, we said:

". . .Among the matters to be considered by the court in exercising this discretion are the diligence of movant, the probable effect of the testimony at the trial and the likelihood of procuring the attendance of the witness in the event of a postponement. *Striplin* v. *State*, [100 Ark. 132, 139 S.W. 1128 (1911)]. The purpose of the requirement of an affidavit is to permit the trial judge to evaluate these and other essential considerations and to permit the adverse party to controvert the movant's statements in regard thereto. The failure to file such an affidavit is a significant factor in appellate review of the trial court's denial of such a motion. *Leach* v. *State*, 229

Ark. 802, 318 S.W. 2d 617. Here, there was neither affidavit not testimony to show that the witnesses would testify, appellant's belief in the truth of their testimony, what appellant had done to assure timely issuance and service of the subpoena or to show that their absence was not the result of an act or omission on his part, or that there was any probability that these witnesses would ever be available. . ." [Bracketed material added]

Here the record shows appellant failed to produce the affidavit required by statute so the state could controvert the claim. Ark. Stat. Ann. § 27-1403. Moreover, no due diligence appears on the face of the motion; *Smith* v. *State*, 181 Ark. 592, 26 S.W. 2d 889 (1930); *Lee* v. *State*, 145 Ark. 75, 223 S.W. 373 (1920); and from the belated attempt to locate and subpoena the alleged missing alibi witness; *Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W. 2d 805 (1958). Finally, counsel was relying on conclusory statements provided by appellant as to the nature of what the witness' testimony would be; see *e.g.*, *Davis* v. *State*, 95 Ark. 555, 129 S.W. 530 (1910); and counsel had never personally communicated with the alleged missing alibi witness concerning the case to verify the testimony; *State Life Ins. Co.* v. *Ford*, 101 Ark. 513, 142 S.W. 863 (1912).

Under all the circumstances we cannot say the trial court abused its discretion in denying a continuance.

Affirmed.