WENDELL R. GATHRIGHT v. STATE OF ARKANSAS

5385                                        435 S.W. 2d 433

Opinion Delivered December 16, 1968
[Rehearing denied January 27, 1969.]

*Jack Holt, Sr.* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen. for appellee.

Conley Byrd, Justice.    Appellant, Wendell R. Gathright was charged, together with Charles Austin Hobbs, with grand larceny of certain copper wire belonging to the Chicago Rock Island and Pacific Railroad Company exceeding thirty-five dollars in value. A jury found Gathright guilty and fixed his punishment at three years.    For reversal, he relies upon the following points:

## I

The trial court erred in not granting the motion of appellant's attorney for a continuance.

## II

The trial court erred in denying motion for a directed verdict at the conclusion of the State's case inasmuch as the State failed to establish ownership and/or identity of the property alleged stolen.

## III

The prosecuting attorney committed prejudicial error in closing argument by commenting on the appellant not taking the stand in his behalf.

## IV

The court erred in giving court's Instruction No. 1 and on refusing to give appellant's Requested Instruction No. 1.

The record shows that the railroad had lost approximately ten thousand pounds of signal and communication wire along its right of way from January 29, 1968, through February 18, 1968, in the area from Proctor to Forrest City. The gauges of wire taken consisted of numbers six, ten and nine. The number nine wire was not coated. Some two thousand pounds of this wire was taken from the Black Fish Lake and Heth, Arkansas, area over the weekend of February 17th and 18th. The replacement value of the wire is approximately one dollar per pound and the salvage value is approximately fifty cents per pound.

The record shows the appellant and Hobbs had registered at Jim's Motel at Black Fish Lake February 17th under the name of Johnny Williams and had shown the make of their car as being a 1947 Ford Pickup, License No. A22076. Merchants in the area had observed them driving the same pickup with knobby tires. Because of the nature of their boots, one of the merchants asked them, "Well, are you about—you boys about to get through with the wire?" The merchant says that one of them said, "Well no, we've got quite a little of it left."

When Appellant and Hobbs were arrested in Hazen, they were driving the same 1947 Ford pickup except that the license number was "A-17086". Under some bundles of rock wool insulation bats in the back of the pickup, the officers found some twenty to twenty-five roles of number nine wire, pole climbers and two pairs of wire cutters. From the pockets of both Appellant and Hobbs, the officers removed magnets. The boots worn by Appellant and Hobbs matched the boot tracks at the poles where the wire had been removed on the 17th and 18th.

On Appellant's person at the time of his arrest was a registration for a 1964 Ford pickup bearing license No. A-17086, being the license plate then on the 1947

Ford pickup in which he was traveling at the time of arrest.

The record shows that Appellant and Hobbs were arrested on February 23, 1968. The information charging them with grand larceny was filed April 9, 1968. At the arraignment Appellant and Hobbs were presented by Mr. Willis Lewis and their case was then set for trial on April 29, 1968.

## I

On the trial date Mr. Holt, Appellant's present counsel, appeared as counsel for both Appellant and Hobbs and moved for a continuance because he had not been employed until April 22nd and had not had sufficient time to prepare for trial. No showing was made why the switch in counsel and under the circumstances we find that the trial court did not abuse its discretion in denying the motion for continuance. *Turner* v. *State*, 224 Ark. 505, 275 S.W. 2d 24 (1955). We have not overlooked the fact that Appellant was in prison at the time present counsel was employed, but the record, including the motion for new trial filed June 6, 1968, shows no facts from which we can find any prejudice to Appellant because of the refusal of the continuance.

## II

Under the second point for reversal, Appellant makes two arguments—i.e. (1) there is no showing de facto or otherwise of the corporate existence of the Rock Island Railroad, and (2) that the agents for the Railroad were unable to identify the property they had lost.

The first contention was not raised in the trial court nor in the motion for new trial and cannot be raised for the first time on appeal.

The second contention is not supported by the record. The evidence shows that they had in their poses-

sion wire of the kind and gauge removed; that they had the paraphernalia for removing the wire; that their boots matched the tracks around the poles from which the wire was removed; that the merchants in the area considered them to be "highline boys" because of their boots; that they registered under fictitious names; and that they switched license plates on their vehicle from time to time. We hold the evidence sufficient to establish the identity of the property stolen from the railroad.

## III

In his opening statement, Counsel for Appellant and Hobbs stated:

"The defendant, Wendell Gathright, for about seventeen years was a member of the Armed Forces with a commendable record. That after he had served honorably for his country he secured a job at Little Rock Air Force Base at a salary over $9,-000.00 a year. That during the acquaintance he had with defendant, Hobbs, Hobbs and his wife became separated. That Hobbs had heard that she was in Memphis, Tennessee, and he wanted to go over there and see if he could locate his wife for the purpose of trying to perfect a reconciliation.

"They went to Memphis and failed to find Hobb's wife, then went to a beer tavern at which time a fellow told them that there was a colored man that had a bunch of copper wire he would like to dispose of. They were interested. They then went out and made a deal with this Negro to buy the wire and that is the wire that is going to be in question. After buying the wire, they stopped at a Jim's Motel because the truck was broken down and that occasioned them to have to stay overnight before going back to Little Rock.

"This is a case being tried solely upon suspicion, conjecture without the necessary elements of facts and the law toward an honest conviction.

"They can tell this story much better than I can."

With reference to the prosecutor, Mr. Loyd Henry's closing statement, the record shows:

"(Mention was made by Mr. Henry to the effect the jury was told by Counsel for Defendants in the opening Statement that they would be told why the Defendants were in Memphis, that something had been said relative to a separation, and there was no testimony given regarding this.)"

We are unable to find that this was a comment upon the failure of Appellant and Hobbs to take the witness stand in their own behalf.

## IV

On the issue of circumstantial evidence Appellant and Hobbs asked Court to give their requested Instruction No. I as follows:

"In this case, the State relies entirely on circumstantial evidence. You are instructed that it is competent for the jury to convict on circumstantial evidence alone, but in order to do so the circumstances solely relied upon must be consistent with the Defendants' guilt and entirely inconsistent with the innocence of the Defendants and any other reasonable hypothesis."

The trial Court refused the instruction and gave its own instruction, to-wit:—

"There is some circumstantial evidence introduced in this case. You are instructed that cir-

cumstantial evidence is legal evidence, but when the State relies wholly or in part upon circumstantial evidence for conviction, it must be of such a nature that it is consistent with the guilt of the Defendants when considered along with all other evidence in the case and is inconsistent with any other reasonable hypothesis."

The trial court having given a correct instruction on circumstantial evidence, committed no error in refusing Appellant's instruction, *Smith* v. *State,* 227 Ark. 332, 299 S.W. 2d 52 (1957).

Affirmed.