James PICKENS *v*. STATE of Arkansas

CR 76-99                                          542 S.W. 2d 764

Opinion delivered November 8, 1976

*Bill E. Ross,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jack Lassiter,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant James Pickens was

charged with the sale and delivery of a controlled substance, which charge arose as a result of his sale of two LSD tablets to Richard Lott, a police undercover agent. Appellant was found guilty and sentenced to 10 years' imprisonment and fined $5,000.

On appeal, appellant first contends that the trial court erred in not dismissing jurors who sat on previous consecutive cases involving the sale of controlled substances. Richard Lott was the State's principal witness against appellant in this case, and also was the primary witness in the earlier cases. However, we find no merit in this contention for the reasons set out in *Holland* v. *State*, 260 Ark. 617, 542 S.W. 2d 761 (1976), decided this same day. Also we note that in the instant case appellant's attorney voir dired the jurors extensively and no prejudice or bias was revealed because of having served on the previous trials.

Appellant next asserts the trial court erred in failing to dismiss, for cause, Juror Elmer Cole during voir dire. In examining Cole the following facts were developed:

MR. ROSS: * * * Mr. Cole, do you have any friends or relatives that are employed in connection with the law enforcement agencies?

JUROR COLE: I have a nephew who is a police lieutenant in L.A.

MR. ROSS: Los Angeles?

JUROR COLE: Yes.

MR. ROSS: Is there anything about that relationship that would cause you to have any preconceived notions about the guilt or innocence of an accused?

JUROR COLE: *I am afraid so after hearing him talk about it. He is an undercover man in narcotics.*

MR. ROSS: Your Honor, we would submit Mr. Cole.

COURT: What was the basis of that?

MR. ROSS: He has formed an opinion, Your Honor, based upon the fact that he has a nephew who is an undercover law enforcement agent in Los Angeles and his conversations with him.

* * *

COURT: * * * Have you talked with your nephew concerning his work in the Los Angeles area?

JUROR COLE: *Not any more than his just telling me his experiences with these dope heads.*

COURT: Based upon your knowledge which you have gathered through your conversation with your nephew in reference to his work, do you think that you do have an opinion concerning this type of case which would influence your verdict in the matter?

JUROR COLE: I don't *think* so.

COURT: Would you be inclined or tend to give more weight or credibility to a drug undercover agent than you would to any other witness merely because of the fact that he was a drug undercover officer?

JUROR COLE: I don't *think* that I would. (Italics supplied.)

When asked several more questions Cole's responses were clearly equivocal, i.e., "I think so" and "I don't think so."

In all criminal prosecutions both the Sixth Amendment to the United States Constitution and the Arkansas Constitution, Article 2, § 10 guarantee the accused trial by an impartial jury. In spite of the rehabilitative efforts of the trial court, we cannot say that Cole's apparent prejudice was satisfactorily expunged. Ark. Stat. Ann. § 39-105(c) and (e) (Supp. 1975) excludes from petit jury service any person who has " . . . formed or expressed an opinion concerning the matter in controversy which may influence his judgment;" or who is ". . . biased or prejudiced for or against any party to the cause or is prevented by any relationship or circumstance from ac-

ting impartially;. . . . " Here, even after court interrogation, residual prejudice remained sufficient to invoke the exclusionary provisions of § 39-105. See also, *Glover* v. *State,* 248 Ark. 1260, 455 S.W. 2d 670 (1970), where standards controlling juror qualification are outlined in detail. In light of Juror Cole's presumptive bias and the cited authorities it was error for the trial court not to exclude Cole for cause.

It is not necessary to discuss appellant's remaining contentions since one is not likely to arise on retrial, and the evidence presented upon the other issue on retrial may differ somewhat from that presented in this case.

Reversed and remanded.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.