Alan Wade JOHNSON *v.* STATE of Arkansas

CA CR 80-38                                    606 S.W. 2d 381
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*E. Alvin Schay,* State Appellate Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *C. R. McNair, III,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was found guilty, by a jury, of the offense of second degree escape; and he was sentenced to the Arkansas Department of Correction for a term of three years.

Appellant seeks reversal of his conviction on the sole

ground that the trial court erred in failing to excuse a juror, Mrs. Janis Kerr, for cause.

During voir dire of the jury panel, Mrs. Kerr, the wife of an assistant police chief of the North Little Rock Police Department, was asked "[w]hether you could go home and tell him [her husband] you found somebody not guilty charged with a crime and not cause any problems at home?" In reply, Mrs. Kerr stated "I've served on another jury before. I believe I would listen to the evidence and find accordingly."

Having exhausted all of his peremptory challenges, appellant moved that Mrs. Kerr be excused for cause based on "an implied bias." The trial court denied appellant's motion.

Appellant argues in his brief:

"Appellant is not asking this court to rule that the wife of a law enforcement officer is automatically disqualified from criminal trial jury service. Rather he is asking that such a person be more positive about not carrying any prejudice into the jury box."

The appellant concludes his argument by asserting that the trial court abused its discretion in not excusing Mrs. Kerr; that Mrs. Kerr's response displayed enough actual bias to preclude her from jury service under *Pickens* v. *State*, 260 Ark. 633, 542 S.W. 2d 764 (1976).

In *Pickens*, a juror, on voir dire, testified that he had a nephew who was a police lieutenant in Los Angeles; and that he possessed preconceived notions about the guilt or innocence of a defendant accused of narcotics violations; that those preconceived notions were based upon what he had heard from his nephew who was an undercover agent in narcotics. When the juror was pressed to state whether his opinion concerning drug cases would influence his verdict in the case in which he had been called as a prospective juror, which involved a charge of sale and delivery of a controlled substance, the juror responded "I don't *think* so." When asked further whether he would give more weight or credibility to a

drug undercover agent than he would to any other witness simply because he was a drug undercover officer, the juror replied, "I don't *think* that I would."

It is plain that *Pickens* is not on all fours with the instant case. Mrs. Kerr at no time acknowledged that she had any preconceived notions about the guilt or innocence of the defendant in this case. The substance of the question posed to Mrs. Kerr was whether she would encounter any problems at home if she voted not guilty on the issue of defendant's guilt. Her reply was: "I have served on a jury before and I believe I would listen to the evidence and make a finding based upon that evidence."

Moreover, in *Pickens*, the Court found that the juror's initial response created a presumptive bias which was not overcome by the rehabilitative efforts of the trial court; for there was still evidence of residual prejudice in the juror's responses which justified a finding that the juror should have been excused for cause.

Ark. Stat. Ann. § 39-105(e) (Repl. 1962 and Supp. 1979), provides, in relevant part, that no person shall serve as a petit juror in any case who:

> "Is biased or prejudiced for or against any party to the cause or is prevented by any relationship or circumstance from acting impartially; . . ."

Appellant has not demonstrated that Mrs. Kerr possessed any preconceived notions about appellant's guilt or that she harbored any prejudices in any way as a juror.

Affirmed.