Solomon Kirk ESKEW and Curtis Leroy
BOLTON *v.* STATE of Arkansas

CR 81-44                                    621 S.W. 2d 220

Supreme Court of Arkansas
Opinion delivered September 21, 1981

*John W. Walker, P.A.*, by: *James P. Massie*, and *William R. Simpson, Jr.*, Public Defender, by: *Deborah Sallings*, Deputy Public Defender, for appellee.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

John I. Purtle, Justice. Appellants were convicted in the Pulaski Circuit Court of rape and kidnapping, and their sentences were fixed at 20 years and 15 years respectively, to run consecutively.

On appeal appellants argue two points: (1) the court erred in not allowing evidence on the question of prior sexual misconduct on the part of the prosecuting witness; and, (2) the evidence was insufficient to support the appellants' conviction for a class A felony.

The appellants admitted having sexual intercourse with the prosecuting witness but claimed it was by mutual consent. The prosecuting witness testified she was forced to engage in sexual intercourse and deviate sexual activity. The appellants took the prosecuting witness out by the Little Rock airport where the alleged crime occurred. They then drove her back to the central part of Little Rock and released her about three blocks from her home.

We first deal with the failure of the court to allow evidence of the prosecuting witness's prior sexual conduct. We think the court was entirely correct in this ruling. Ark. Stat. Ann. § 41-1810.1 (Repl. 1977) clearly holds such evidence is inadmissible unless it meets certain tests outlined in Ark. Stat. Ann. § 41-1810.2. We have consistently held that evidence of prior consensual sexual conduct is inadmissible unless such prior sexual activities were with the accused. In that event the testimony is allowed only to show that consent may have been given. See *Houston* v. *State*, 266 Ark. 257, 582 S.W. 2d 958 (1979); *Marion* v. *State*, 267 Ark. 345, 590 S.W 2d 288 (1979).

Evidence of prior sexual conduct on the part of a prosecuting witness is not admissible simply to show she had had prior sexual conduct. The fact that a woman may be free with her sexual favors does not entitle anyone to such favors against her wishes. In the present case the prosecuting witness clearly and unequivocally stated she was forcibly raped, and she exhibited bruises and abrasions to the doctor who examined her following the rape and to other witnesses who testified at the trial. The doctor verfied she had recently engaged in sexual intercourse. The appellants both stated she freely gave them the favor, and we therefore have a factual question to be presented to the jury. The jury chose to believe the prosecuting witness, and we are not at liberty to disturb that decision.

The second argument by appellants is that the evidence was insufficient to support the appellants' conviction for class A felony kidnapping. This may well be true but the fact remains that the appellants never requested an instruction on class C kidnapping, and the matter is raised for the first time on appeal. We need not cite authority for the proposition that we do not consider matters raised for the first time on appeal.

Affirmed.

Adkisson, C.J., not participating.