Robert Earl MONTGOMERY *v.* STATE of Arkansas

CR 82-116                                    640 S.W.2d 108

Supreme Court of Arkansas
Opinion delivered October 4, 1982
[Rehearing denied November 8, 1982.]

*Charles L. Carpenter, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of second degree murder and assessed his punishment, as a

habitual offender, to thirty years imprisonment and a $15,000 fine. As requested by the appellant, the court converted the $15,000 fine to an additional year of imprisonment. We affirm.

For reversal appellant asserts that the trial court abused its discretion by refusing to excuse two jurors for cause. One juror was the husband of a Little Rock police officer. When first questioned by the appellant's attorney, he stated that it would be hard to answer whether he would tend to give a police officer more credibility than some other witness. Upon further questioning by the court, he stated that his wife's being a police officer would not give him any difficulties, that he could judge the case solely and entirely on what he heard in court, that he had no preconceived notions about the case, and that he could consider a police officer's testimony just as he would any other witness' testimony. The other juror was challenged because he had once consulted with the state's attorney on a matter when that attorney had been in private practice. This juror stated that his past relationship with the prosecutor would not influence him, and that he could render a fair and impartial verdict. The appellant had exhausted his peremptory challenges before the voir dire of these two jurors. Appellant argues that permitting either of these jurors to serve infringed upon his constitutional right to a fair and impartial trial.

The question of a juror's qualification lies within the sound judicial discretion of the trial court and the appellant bears the burden of showing the prospective juror's disqualification. *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980); *Satterfield* v. *State,* 252 Ark. 747, 483 S.W.2d 171 (1972); *Swindler* v. *State,* 264 Ark. 107, 569 S.W.2d 120 (1976). The correct test is whether the prospective juror can lay aside any preconceived opinion and render a verdict based upon the evidence presented and the instructions of the court. We have held that being associated in business with one of the trial attorneys does not alone disqualify a prospective juror. *C. A. Rees & Co.* v. *Road Improvement Dist. No. 1 of Clark County,* 167 Ark. 383, 267 S.W. 770 (1925). Likewise, the mere fact that a prospective juror is related to a law

enforcement officer, who is not involved in the case being tried, does not alone disqualify that juror. *Hulsey* v. *State,* 261 Ark. 449, 549 S.W.2d 73; and *Johnson* v. *State,* 270 Ark. 871, 606 S.W.2d 381 (Ark. App. 1980). Here, the wife of the juror was neither a witness nor an investigator in the case. In fact, she was an officer of the Little Rock Police Department. All of the officers testifying were from the North Little Rock Police Department. Unlike *Pickens* v. *State,* 260 Ark. 633, 542 S.W.2d 764 (1976), both jurors here unequivocally affirmed their ability to make a fair and impartial decision. We hold the appellant has not demonstrated the court abused its discretion.

The court denied appellant's request that the charge of first degree murder be reduced to second degree murder. The state, however, moved for an instruction on second degree murder in addition to the instruction on first degree murder. This motion was granted over appellant's objection, and he assigns this as error. Since the appellant had moved to have the charge reduced to second degree murder, his request in this regard was, in effect, granted by the jury verdict. We do not reverse unless the asserted error is prejudicial. *Brown* v. *State,* 262 Ark. 298, 556 S.W.2d 418 (1977). Here, appellant has not demonstrated he was prejudiced by the court's ruling.

Appellant next contends that the evidence was insufficient to support a verdict of guilty. On appeal we review the evidence in the light most favorable to the appellee, and we affirm if there is substantial evidence to support a verdict, which means that we must decide whether the jury could have reached its conclusion without having to resort to speculation or conjecture. *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981); and *McCree* v. *State,* 266 Ark. 465, 585 S.W.2d 938 (1979).

Here, the state medical examiner testified that the deceased died between 8 and 12 p.m. Friends of the appellant testified appellant came by their home at approximately 10:30 p.m. He had a large amount of blood on his clothing. He explained that he had been fishing and had bloodied his clothing while cleaning the fish, a statement which he later

admitted was a fabrication. Witnesses testified, and appellant admitted, that he and the victim had spent the evening barhopping and drinking. According to the appellant he drove the victim in a van to a designated location where the victim was to purchase a quantity of drugs from other individuals. When the victim refused to consummate the transaction, these individuals killed him by repeated blows to the head with a hammer. In the scuffle appellant's clothing was covered with blood. Following the alleged offense he fled the scene, because of threats, in possession of the van which was entrusted to the victim by his employer, and he secreted the van following the alleged murder. Further, he disposed of the hammer, the murder weapon, which was recovered when he accompanied officers to the location where he had thrown it in the river. The officers testified that their investigation failed to connect the individuals named by appellant with the crime. Viewing the evidence most favorable to the appellee, as we must do on appeal, we hold there is substantial evidence to support the jury's finding of second degree murder; that is, that appellant knowingly caused the death of the deceased under circumstances manifesting extreme indifference to the value of human life. Ark. Stat. Ann. § 41-1503 (1) (b) (Repl. 1977).

The appellant's multiple fourth point is that the trial court erred in admitting evidence of prior convictions of the defendant. He first asserts that Act 252 of 1981 (Ark. Stat. Ann. § 41-1005 [Supp. 1981]) unconstitutionally grants the trial court the power to make a factual finding as to the number of prior felony convictions in a habitual offender sentencing procedure. However, here, the court submitted the fact issue (pursuant to AMCI 7001 and 7002) to the jury and it, rather than the trial court, made the finding as to the number of prior convictions. In order to have standing to attack the constitutionality of a statute, the appellant must show that the questioned statute resulted in a prejudicial impact on him. *Sumlin* v. *State,* 266 Ark. 709, 587 S.W.2d 571 (1979); *McCree* v. *State, supra;* and *Williams* v. *State,* 260 Ark. 457, 541 S.W.2d 300 (1976). Here, appellant has not demonstrated that the questioned statute was used to his detriment.

The evidence of prior convictions consisted of a copy of records (a pen pack) from the Arkansas Department of Correction which was certified by the custodian of the records. The appellant contends that this evidence violated the Uniform Rules of Evidence, Rules 803 (6) and 803 (8). This objection was not made at trial and cannot be reviewed here. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980); *Pace* v. *State,* 265 Ark. 712, 580 S.W.2d 689 (1979); A.R.Cr.P., Rule 36.21, and Uniform Rules of Evidence, Rule 103 (a).

The appellant further argues that the records introduced as evidence of the prior convictions were inadequate under Ark. Stat. Ann. § 41-1003 (2) (Supp. 1981), because no comparison was made of the fingerprints contained therein to insure that the appellant was the same individual named in the certified records. The pen pack also contained photographs of the person convicted of the recorded offenses. Appellant argues that the trial court's finding was based only upon the certificate, photographs and commitment papers. He asserts there is no evidence that the fingerprints with the file were his. Therefore, the statutory requirements were not met and the evidence (pen pack) should have been excluded.

Section 41-1003 states:

A previous conviction or finding of guilt of a felony may be proved by *any evidence* that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty. (Italics supplied.)

The state is not limited to the modes of proof listed specifically in § 41-1003 but can rely on "any evidence" that satisfies the appropriate burden of proof. *Ply* v. *State,* 270 Ark. 554, 606 S.W.2d 556 (1980); *Elmore* v. *State,* 268 Ark. 225, 595 S.W.2d 218 (1980). As the commentary to § 41-1003 states, "The commission wished to make clear that the state may prove a previous felony conviction by means other than introduction of one of the certificates described in the statute." The question of whether the photographs and the certified records actually established beyond a reasonable doubt that the appellant was the person who had been

convicted of the previous offenses is for the trier of fact to decide. *Elmore* v. *State, supra.* On appeal our task is merely to decide whether there was substantial evidence to support that conclusion. *Cassell* v. *State, supra.* Here, we find there was substantial evidence.

The appellant also argues that the introduction of the records, in the absence of the custodian thereof, deprived him of the right to confront the witness against him. Constitution of Arkansas (1874), Art. 2, § 10; United States Constitution, Sixth and Fourteenth Amendments. The appellant cites no cases holding that the introduction of records in the absence of the recordkeeper in a criminal trial violates the defendant's right of confrontation. We have held that the introduction of the record of conviction of a principal is admissible in a trial of an accessory. *Tiner* v. *State,* 110 Ark. 251, 161 S.W. 193 (1913). Other jurisdictions have held that the admission of records of prior convictions in habitual offender proceedings in the absence of the recordkeeper does not violate the defendant's face to face or confrontation rights. *State* v. *Miller,* 608 S.W.2d 158 (Tenn. Cr. App. 1980); *People* v. *Bryan,* 3 Cal. App. 3d 327, 83 Cal. Rptr. 291 (1970); *State* v. *Dawson,* 91 N.M. 70, 570 P.2d 608 (1977). Wigmore on Evidence, § 1398, Note 8; see also 21 Am.Jur.2d Criminal Law §§ 963 and 964; 70 ALR2d 1232-4. Texas permits prior convictions to be established by certified copies of records from the Department of Correction, exactly as here, and this procedure has been upheld in both federal and state courts. *Tomlin* v. *Beto,* 377 F.2d 276 (1967); *Dozier* v. *State,* 167 Tex. Crim. 84, 318 S.W.2d 80 (1958). Here, we hold there was no infringement upon appellant's state and federal constitutional rights.

Affirmed.