William M. JANES and
Deanna JESSON *v.* STATE of Arkansas

CR 84-192                              686 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered March 25, 1985

*Warner & Smith,* by: *Joel D. Johnson,* for appellants.

*Steve Clark,* Att'y Gen., by; *Joyce Rayburn Greene,* Asst. Att'y Gen., for apellee.

GEORGE ROSE SMITH, Justice. At separate trials in municipal court William M. Janes was convicted of DWI, second offense, and Deanna Jesson was convicted of DWI, first offense. On appeal to the circuit court the cases were consolidated and tried together. No witnesses testified, the case being submitted to the trial judge, without a jury, on documentary evidence introduced by the State and on a memorandum brief submitted on behalf of both defendants by their attorney. The court found each defendant guilty and imposed sentences within the limits set by Act 549 of 1983, the Omnibus DWI Act. This case, like many other DWI cases on the docket, comes to us under Rule 29(1)(c). Three arguments are presented.

First, it is argued that the act is unconstitutional because it permits the punishment for a second offense to be enhanced without regard to whether the first conviction was counseled or uncounseled. A sufficient answer to this argument is that if a defendant did not have counsel and did not waive counsel when he was first convicted, that conviction cannot be used for enhancement, and if it is so used the error can be corrected on appeal. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318, 681 S.W.2d 395 (1984). There was no need for the lawmakers to recite in the act a rule that would be applicable anyway.

Though not argued in the brief, it has been suggested at our conference that the State's proof is insufficient because

its documentary evidence did not include a copy of Janes's previous conviction, nor is there any other evidence about that conviction. That objection was not made below. At the trial defense counsel elected not to argue the case except by the submission of a written brief. The brief contains on this point only the argument we have mentioned, that the statute is unconstitutional. Janes has not denied that he has a prior DWI conviction. We have consistently held that where there is a particular defect in the State's proof that might readily have been corrected had an objection been made, the absence of any objection prevents the point's being raised for the first time on appeal. For instance, where the State's proof by accomplices is not corroborated, the absence of an objection on that ground at the trial waives the omission. *Harris* v. *State,* 262 Ark. 506, 558 S.W.2d 143 (1977). In another analogous situation we said in *Eskew* v. *State,* 273 Ark. 490, 621 S.W.2d 220 (1981):

> The second argument by appellants is that the evidence was insufficient to support the appellants' conviction for class A felony kidnapping. This may well be true but the fact remains that the appellants never requested an instruction on class C kidnapping, and the matter is raised for the first time on appeal. We need not cite authority for the proposition that we do not consider matters raised for the first time on appeal.

The appellants' second contention is that the DWI statute violates the constitutional separation of governmental powers. That contention has been considered in prior cases involving this statute and need not be reconsidered. *Tausch* v. *State,* 285 Ark. 226, 685 S.W.2d 802 (1985); *Williford* v. *State,* 284 Ark. 449, 683 S.W.2d 228 (1985).

The third argument is that the statute's requirement of a pre-sentence report compels the defendant to incriminate himself. Ark. Stat. Ann. § 75-2506 (Supp. 1983). The act does not require a defendant to take any action whatever in response to the State's proof or to the pre-sentence report; so

obviously there is no compulsory self-incrimination.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I think the majority is in error in stating that appellant Janes did not object to the consideration of a prior conviction for the purpose of enhancing his sentence. Appellants stated in a brief submitted to the trial court: "Defendants further contend that sections 1(b) and 4 of said Act render it constitutionally infirm in that such sections purport to permit imposition of enhanced sentences and imprisonment for prior convictions without regard to whether such convictions were counseled or uncounseled." They cited and relied upon *Baldasar* v. *Illinois*, 446 U.S. 222 (1980), a case we frequently cite as authority for exactly the same proposition as appellants were arguing. This argument was presented to the court in written form on the same day the judgment was entered, August 1, 1984. The argument was taken under consideration by the trial court prior to sentencing. In order to utter the exact words to comply with the majority opinion, an attorney would have to have clairvoyant powers to foresee what the judge would eventually enter into the record on appeal. Therefore, the objection was in rather broad language. Surely the trial court and members of this court fully understood the appellants were objecting to the use of prior convictions, whether counseled or uncounseled. The prior convictions in the case before us stand silent as to whether they were counseled or uncounseled. In argument before the trial court, counsel for appellants cited *Baldasar* for the proposition that the United States Supreme Court has ruled that uncounseled misdemeanor convictions may not be used to enhance penalty statutes to felony status. We have spoken to the situation of a silent record before. In *McConahay* v. *State*, 257 Ark. 328, 516 S.W.2d 887 (1974) we stated: "It is well settled that 'presuming waiver of counsel from a silent record is impermissible'." We have also held that the introduction of a previous conviction document, where that record concerning the level of the previous conviction is "silent," amounts to prejudicial error. *Roach*

v. *State,* 255 Ark. 773, 503 S.W.2d 467 (1973). When the record of prior convictions does not show that the defendant was represented by counsel, or that he voluntarily waived counsel, the conviction cannot be used to enhance the penalty. *Wilburn* v. *State,* 253 Ark. 608, 487 S.W.2d 600 (1972). We have even held that when the record of a prior conviction was certified by the wrong person it could not be used for enhancement purposes. *Richards* v. *State,* 254 Ark. 760, 498 S.W.2d 1 (1973).

When we first started considering appeals of convictions pursuant to the Omnibus DWI Act (Act 549 of 1983), we were confronted with this same issue. In *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318, 681 S.W.2d 395 (1984), we stated: "A prior conviction cannot be used collaterally to impose enhanced punishment unless the misdemeanant was represented by counsel or validly waived counsel. *Baldasar* v. *Illinois,* 446 U.S. 222 (1980); *State* v. *Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984). Waiver of counsel may not be presumed from a silent record."

No citation is needed to support the rule that the state has the duty to prove every essential element of a charge. Certainly it is essential to prove prior convictions to obtain a valid conviction under enhancement statutes. It is fundamental law that a record silent on whether prior convictions were counseled or uncounseled is inadmissible to enhance a penalty. The duty being on the state to prove a case, we surely should have held that the "silent" record will not support the conviction here.

We should either reverse and remand or adjust the punishment here as we were used to doing.