Nathan Randy BALLEW *v.* STATE of Arkansas

CA CR 86-220                               731 S.W.2d 222

Court of Appeals of Arkansas
En Banc
Opinion delivered June 17, 1987

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Nathan Randy Ballew appeals from his conviction of murder in the second degree contending only that the evidence is insufficient to sustain a finding of guilt. Although the appellant did not move for a directed verdict or otherwise preserve the issue of the sufficiency of the evidence in the trial court, the attorney general, relying upon *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980), has agreed in his brief that the issue is properly before this court because it is a matter that may be raised for the first time on appeal. We do not agree that *Ply* is controlling, and, in the absence of a proper objection or motion in the trial court, we do not reach the sufficiency issue on the merits. *Johnson* v. *State*, 290 Ark. 46, 716 S.W.2d 202 (1986); *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985); *Eskew* v. *State*, 273 Ark. 490, 621 S.W.2d 220 (1981); *Wicks* v. *State*, 270 Ark. 871, 606 S.W.2d 366 (1980).

Our court has long adhered to the general rule that it will not consider issues raised for the first time on appeal. That rule has now been codified as to civil actions in ARCP Rule 52(e), which provides that the failure in civil actions to move for a directed verdict or for a judgment notwithstanding the verdict

constitutes a waiver of any question pertaining to the sufficiency of the evidence. This general rule was also applied to the issue of sufficiency of the evidence in criminal cases by our state and federal courts prior to the decision in *Ply. See, e.g., Craig* v. *United States*, 337 F.2d 28 (8th Cir. 1964), *cert. denied* 380 U.S. 909 (1965); *Harris* v. *State*, 262 Ark. 506, 558 S.W.2d 143 (1977); *Gathright* v. *State*, 245 Ark. 840, 435 S.W.2d 433 (1968).

■ There is language in *Ply* indicating that the supreme court was departing from its earlier rule and would consider the issue of sufficiency of the evidence for the first time on appeal. From our consideration of cases decided subsequent to *Ply*, however, we conclude that the court did not so intend. We are bound to follow these latest expressions of that court.

Shortly after *Ply* was decided, the court announced its decision in *Wicks* v. *State, supra.* In *Wicks*, the appellant argued for the first time on appeal that the court erred in failing to excuse a juror for cause and in failing to submit certain issues to the jury. In its opinion, the court noted the frequency with which it was being argued that cases should be reversed on points not raised in the trial court and stated that this practice was becoming burdensome. For that reason, the court stressed the absence of any objection to those issues in order to make its position clear. The court rejected the so-called "plain error rule" and restated its position in the following language:

> To the contrary, in hundreds of cases we have reiterated our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. Citations to that familiar principle are unnecessary.
>
> Exceptions to the basic requirement of an objection in the trial court *are so rare* that they may be reviewed quickly.

*Wicks*, 270 Ark. at 785, 606 S.W.2d at 369 (Emphasis added).

■ The court then recognized exceptions to the general rule in certain phases of death penalty cases, errors made by the trial judge himself at a time when there was no opportunity to object, errors so flagrant and highly prejudicial as to require the

court to intervene *sua sponte* (such as failure to control a prosecutor's closing argument), and errors relating to the admission or exclusion of evidence which affect substantial rights. The court concluded that, if there were any other exceptions to the general rule that an objection must be made in the trial court, it had not found them in its review of the case law. It is argued that *Wicks* is not authority for this rule because it did not involve the issue of sufficiency of the evidence. To us, the significance of *Wicks* lies in its *failure* to mention sufficiency of the evidence as a recognized exception.

In *Eskew* v. *State, supra*, the appellants were convicted of rape and kidnapping and argued on appeal that the evidence was insufficient to support their convictions of a class A felony. The court rejected that argument stating:

> The second argument by appellants is that the evidence was insufficient to support the appellants' conviction for class A felony kidnapping. This may well be true, but the fact remains that the appellants never requested an instruction on class C kidnapping, and the matter is raised for the first time on appeal. We need not cite authority for the proposition that we do not consider matters raised for the first time on appeal.

*Eskew*, 273 Ark. at 492, 621 S.W.2d at 221. It is argued that *Eskew* does not stand for the proposition that one cannot raise the issue of sufficiency for the first time on appeal because the court referred to the issue there as one of having failed to request an instruction. Although the court did use those words, it is clear that the issue before it was the sufficiency of the evidence to sustain the conviction.

■■ If any doubt remained, it was resolved in *Janes* v. *State, supra*. In *Janes*, the appellant was convicted of driving while intoxicated, second offense. One essential element of the charge was a prior offense of DWI within the specified period. The record did not include documented evidence of a previous conviction or other evidence about a prior offense. At least one member of the court argued that the the issue could be raised for the first time on appeal and that the case should be reversed because the evidence of a prior offense was insufficient. However, the majority declared:

> We have consistently held that where there is a particular defect in the State's proof that might readily have been corrected had an objection been made, the absence of any objection prevents the point's being raised for the first time on appeal.

*Janes*, 285 Ark. at 281, 686 S.W.2d at 784. It has been argued that *Janes* is not authority for this proposition because the issue was raised in conference rather than in the briefs and is therefore dicta. Dicta is generally defined as expressions which go beyond the facts before the court, express individual views, and are not necessary to a determination of the issue. We cannot conclude that the fact that the question was raised by the court *sua sponte* makes its declaration in disposition of the case dicta.

In *Johnson* v. *State, supra*, the appellant was found guilty of rape and kidnapping. On appeal, the appellant argued that the evidence was insufficient to establish the offense of kidnapping, but he had not raised that issue in the trial court. The court, in a two-paragraph opinion, declared that the matter was not before it as it did not consider matters which were not raised in the trial court. It has been argued that the court in *Johnson* did not rely upon proper precedent and did not overrule prior cases, including *Ply* v. *State, supra*. Whether the supreme court was right or wrong in its decisions or declarations in *Johnson, Janes,* and *Eskew*, is not an issue before this court. Whether we agree with the soundness of those decisions is one thing, but for us to refuse to follow them is another. They are the latest expressions of the highest court of this state, which this court is bound to follow.

A persuasive argument might be made that cases involving the requirement that the State prove each and every element of the crime charged should be distinguished from those in which Fourth and Fifth Amendment rights are waived by failure to properly assert them, in which guilt is established by other inadmissible evidence, or in which improper instructions are given without objection. Although it may be that the right to have every element of the offense proved is a positive one and that those dealing with the admissibility of evidence of guilt stand on a different footing, we are persuaded that those arguments would be better addressed to the supreme court in a plea that it reconsider its declarations in *Eskew, Janes,* and *Johnson.* We do

not consider it within our province to do so even if we were so inclined.

Affirmed.

CORBIN, C.J., COULSON and COOPER, JJ., concur.

JAMES R. COOPER, Judge, concurring. I concur with the result reached by the majority because I believe that the appellant's conviction was supported by substantial evidence. However, I disagree with the majority's conclusion that we will not consider the sufficiency of the evidence to support a criminal conviction on appeal unless the issue was raised in the trial court.

I strongly disagree that we should affirm this case on the basis that counsel failed to lodge a proper objection or move for a directed verdict in the trial court. The majority cites one case directly on point, *Johnson* v. *State*, 290 Ark. 77, 716 S.W.2d 203 (1986). However, the case cited in *Johnson* as support for the rule that sufficiency of the evidence will not be considered on direct appeal without having been raised in the trial court is a Rule 37 appeal, *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982). In the direct appeal of his case, *Rowe* v. *State*, 271 Ark. 20, 607 S.W.2d 657 (1980), the appellant presented one argument concerning the legality of the sentences imposed upon him, but attempted to raise a different ground in his Rule 37 petition. The Supreme Court simply held that he could not challenge the sentences on a different basis in his Rule 37 petition. Parenthetically the Court noted that no challenge to Rowe's sentences was raised in the trial court, thus precluding consideration of that argument in his direct appeal. Thus, although *Johnson* does say what the majority says, the Supreme Court did not overrule prior cases, including *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980).

The majority reaches its conclusion by distinguishing *Ply*, and concluding that *Ply* is no longer valid. While I disagree with the conclusion that *Ply* now lacks validity, I do believe that *Ply* is distinguishable from the other substantial evidence cases cited by the majority. I submit that the crucial distinction is between cases such as *Ply* and the case at bar, where the appellant contends that proof of an essential element of an offense is lacking because the State failed to present it, and cases in which evidence was offered, but may not be considered due to various trial errors.

In *Ply*, the Supreme Court considered the issue of whether the State had presented adequate evidence to show that Ply had previously been convicted of certain felonies, relevant for the purpose of sentence enhancement. 270 Ark. at 562-63. Ply alleged that nowhere in the body of the judgment introduced by the State as evidence of the prior convictions did it appear that Ply was "the defendant" named therein. The real issue in *Ply* was whether the State had failed to present proof of an element required by statute for sentence enhancement. The Supreme Court reached this issue despite the absence of an objection below. *Id.* at 560. The appellant's contention in the case at bar is identical to the argument advanced by Ply in that he argues that proof of an essential element of the offense, here the appellant's knowing causation of the decedent's death under circumstances manifesting extreme indifference to the value of human life, was lacking. Under the circumstances presented here, I believe that *Ply* mandates that we review the sufficiency of the evidence to support the appellant's conviction.

Moreover, the cases cited by the majority as indicative of *Ply's* demise are distinguishable from the situation presented in the case at bar. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), is simply not on point. The first two *Wicks* exceptions, death penalty cases and instances of judicial error, bear no logical relation to the situation in *Ply*, where it was alleged that evidence of an element of the offense was lacking. *See Wicks*, 270 Ark. at 786. Neither would such an omission of proof necessarily be the sort of error which would require the trial court to intervene on its own motion, as suggested in the third *Wicks* exception. *See id.* The fourth exception mentioned in *Wicks* clearly relates only to a ruling admitting or excluding evidence. *Wicks* simply has nothing to do with the issue of raising questions at trial concerning the sufficiency of the evidence as a prerequisite to appellate consideration of the issue.

The majority relies on mere dicta in *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985), concerning appellate review of criminal convictions in the absence of an objection in cases where the sufficiency of the evidence is challenged. In *Janes*, the appellant's brief never raised the issue of the sufficiency of the evidence to support the conviction; rather, the issue of sufficiency was suggested by the Supreme Court, *sua sponte*, at conference.

285 Ark. at 280-81. In the absence of an argument by the appellant that the evidence was insufficient, the *Janes* Court's statement that it would not review the issue of sufficiency in the absence of an objection below is clearly dicta.

*Eskew* v. *State*, 273 Ark. 490, 621 S.W.2d 220 (1981), is a case in which the issue of evidentiary sufficiency is complicated by trial error in the form of failure to request an instruction on a lesser offense. In the absence of a request that the jury be given an instruction for class C kidnapping, the Court refused to reverse on the ground of the trial court's failure to give a lesser included offense instruction. This result is consistent with *Ply*, where the Court refused to consider an argument that an improper instruction had been given at trial, in the absence of a timely objection. 270 Ark. at 560.

Finally, I submit that it is fundamentally unfair for a court, on an appeal of right, to refuse to review the sufficiency of the evidence where the issue on appeal is whether the State proved every element of its case. The appellant in the case at bar had a due process right to have the State present evidence from which a rational trier of fact could find, beyond a reasonable doubt, the essential elements of the crime with which he was charged. *Jackson* v. *Virginia*, 443 U.S. 307 (1979); *see also State* v. *Kimball*, 613 S.W.2d 932 (Mo. App. 1981). Although I agree with the majority's statement that we are required to follow the decisions of the Arkansas Supreme Court without regard to our own belief in their soundness, I submit that our obligation is to follow the clear holdings of the Arkansas Supreme Court's decisions before we resort to dicta for guidance. The decisions with respect to appellate review of the sufficiency of the evidence where the question was not raised below are less than clear. However, in the absence of a clear holding by the Supreme Court that its holding in *Ply* is no longer valid, I believe that we must attempt to follow the rule set out therein to the best of our ability.

I would also suggest that, if the majority will is to refuse to consider the sufficiency of the evidence where that question was not raised below, such a ruling should be prospective. To do otherwise creates a trap for defense counsel and will further burden an already overloaded appellate and trial court system with doubtlessly valid Rule 37 petitions.

I would affirm, but because I find the evidence sufficient to support the appellant's conviction.

CORBIN, C.J., and COULSON, J., join in this concurring opinion.