Julia L. HUGHES *v*. STATE of Arkansas

CR 87-180                                 746 S.W.2d 557

Supreme Court of Arkansas

Opinion delivered March 21, 1988

*William R. Simpson, Jr.*, Public Defender, *Howard W. Koopman*, Deputy Public Defender; by: *Didi Harrison*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant was convicted of the first degree murder of her son and sentenced to life imprisonment in the retrial of this case. This court previously reversed and remanded appellant's earlier conviction because the trial court erred in admitting into evidence a statement the appellant gave officers after she had requested an attorney. *Hughes* v. *State*, 289 Ark. 522, 712 S.W.2d 308 (1986). In this second appeal, appellant contends that there was insufficient evidence of premeditation and deliberation to support her conviction of first degree murder. As part of her contention, she argues the jury erred in rejecting her insanity defense and finding the proof was insufficient to show her defective mental state or inability to commit the crime. Because these arguments were not raised before the trial court, we are unable to consider them on appeal.

This court has stated numerous times that we generally will not consider errors raised for the first time on appeal. *Johnson* v. *State*, 290 Ark. 46, 716 S.W.2d 202 (1986); *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985); *Singleton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981). We have recognized certain exceptions to this rule as in death-penalty cases where this court will consider errors raised for the first time on direct appeal where prejudice is conclusively shown by the record and the court would unquestionably require the trial court to grant relief under A.R.Cr.P. Rule 37. *See, e.g., Singleton*, 274 Ark. 126, 623 S.W.2d 180. In *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), we set out the death-penalty exception and others that this court will review for the first time on appeal, which include instances (1) where error is made by the trial judge without knowledge of the defense counsel, (2) where the trial court should

intervene on its own motion to correct a serious error, and (3) where evidential errors affect a defendant's substantial rights although they were not brought to the court's attention. *Id.* None of these exceptions are applicable here.

In *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980), this court stated it would consider the question of sufficiency of the evidence to support a verdict, in criminal cases, when raised for the first time on appeal. After *Ply*, however, this court decided *Wicks* where we stated the general rule that an appropriate objection or argument must be made below for the issue to be considered on appeal. In listing the exceptions to that rule, the court did not mention the defendant's failure to question the sufficiency of the evidence.

A review of some of this court's cases decided after *Wicks* reflects that the defendant must raise the issue of sufficiency of the evidence below. For instance, we recently refused to consider an argument against sufficiency of the evidence to support appellant's kidnapping conviction because the issue was raised for the first time on appeal. *Johnson*, 290 Ark. 46, 716 S.W.2d 202. Also, in *Eskew* v. *State*, 273 Ark. 490, 621 S.W.2d 220 (1980), this court refused to address the appellants' argument that there was insufficient evidence to support their conviction of class A felony kidnapping because the appellants failed to raise the matter before the trial court. *See also Janes*, 285 Ark. 279, 686 S.W.2d 783; *Ballew* v. *State*, 21 Ark. App. 215, 731 S.W.2d 222 (1987).

Because appellant raises the question of sufficiency of evidence for the first time on appeal, we affirm the judgment of the trial court.