Donale Peter NAHLEN *v.* STATE of Arkansas

CR 97-422                               953 S.W.2d 877

Supreme Court of Arkansas
Opinion delivered October 2, 1997

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Donale Peter Nahlen was convicted of two counts each of kidnapping and aggravated robbery. Pursuant to the so-called "three strikes and you're out" sentencing statute, Ark. Code Ann. § 5-4-501(d) (Supp. 1995), Mr. Nahlen was sentenced to life in prison without parole. Mr. Nahlen main-

tains that § 5-4-501(d) is "unconstitutionally vague, ambiguous, and unclear" and that his conviction therefore should be reversed. Mr. Nahlen also argues that his conviction should be reversed, and the case remanded, because the Trial Court prevented him from introducing, during the trial's penalty phase, video-taped statements made by some of his friends and acquaintances about their opinions of, and their experiences with, Mr. Nahlen. The statute is not vague, but it is ambiguous. The Trial Court, however, chose to apply the more liberal alternative interpretation. Even though the statute was interpreted in a way favorable to Mr. Nahlen, it required imposition of a sentence of life without parole. The Trial Court's refusal to admit the video tape in the sentencing phase thus becomes irrelevant. We affirm the conviction and sentence.

Mr. Nahlen and a female friend entered a pharmacy and robbed the pharmacist and his employee of drugs and cash at gunpoint. The victims were made to lie on the floor while they were bound with duct tape. They managed to free themselves before the culprits left the store. The pharmacist and Mr. Nahlen exchanged gunfire as a result of which Mr. Nahlen and an innocent customer-bystander were injured. Mr. Nahlen and his companion were held until the police arrived.

### 1. The "three strikes" statute

Aggravated robbery and kidnapping are both Class Y felonies. Under Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1993), a defendant convicted of a Class Y felony may receive a sentence of not less than ten years and not more than forty years, or life. By its terms, § 5-4-401(a)(1) does not foreclose the possibility of parole. Mr. Nahlen, however, was sentenced to life without parole because, pursuant to Ark. Code Ann. § 5-4-501(d) (Repl. 1995), his aggravated robbery and kidnapping convictions qualified as felonies "involving violence" and because he had two or more prior convictions for violent felonies on his record. In other words, as this was Mr. Nahlen's "third strike," he received a harsher sentence under § 5-4-501(d) than he would have otherwise received under § 5-4-401(a)(1). The provisions of § 5-4-501(d) relevant to this case are:

(1) A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who has previously been convicted on two (2) or more *separate and distinct* prior occasions of one (1) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section shall be sentenced to an extended term of imprisonment, without eligibility for parole or community punishment transfer, as follows:

(A) For a conviction of a Class Y felony, a term of not less than life in prison; . . .

(2) For the purposes of this subsection, a felony involving violence shall mean:

(A) Any of the following felonies enumerated as follows: . . .

(iii) Kidnapping, § 5-11-102;

(iv) Aggravated robbery, § 5-12-103; . . .

(3)(A) After reaching the verdict of guilty on a felony involving violence, the same jury or the same judge sitting without a jury shall sit again in order to hear additional evidence determined pursuant to the procedures outlined in § 5-4-502, and if it is then determined beyond a reasonable doubt that in fact the defendant has previously pleaded guilty or nolo contendere to, or been found guilty of, two (2) or more prior felonies involving violence, then the defendant shall be sentenced in accordance with the provisions of subdivision (d)(1) of this section. [Emphasis supplied.]

The problem is that § 5-4-501(d)(1) contains the words "separate and distinct prior occasions" but §5-4-501(3)(A) does not, and each of those subsections purports to provide when the three-strikes enhancement applies.

The State proffered three Arkansas judgments, as well as one from Montana, reflecting Mr. Nahlen's convictions for aggravated robbery, a "violent offense" within the meaning of the three-strikes law. Each conviction resulted from Mr. Nahlen's plea of guilty. The Arkansas convictions arose from incidents occurring on three different dates in three different counties. Mr. Nahlen was represented by a different lawyer in each of the three separate proceedings. In response to a request from Montana authorities,

each of the Arkansas sentences was altered to provide that it would be served in Montana concurrently with the Montana forty-year sentence. Apparently Mr. Nahlen had agreed to plead guilty to the Montana charge if the Arkansas sentences could be served concurrently with his Montana sentence.

Mr. Nahlen requested that the Arkansas convictions be "treated as one instead of three" in light of his assessment that the three priors "all coincide and relate one to the other." In light of the provision for application of the "three strikes" statute only when a defendant has been "convicted on two (2) or more *separate and distinct prior occasions* of one (1) or more of the felonies involving violence," § 5-4-501(d)(1) (emphasis added), defense counsel conceded that the three aggravated robberies were all "different actions" but insisted that "the *punishment* for them was just one occasion and one sentencing and it was just run concurrent, one with the other." (Emphasis added). Mr. Nahlen's counsel maintained that the convictions "were all in one period of time" and "should be joined for purposes of this habitual statute."

After the jury had returned its verdict of guilty on the four offenses charged, the Trial Court provided the jury with two additional verdict forms. One read as follows:

> We, the Jury, find beyond a reasonable doubt that the Defendant has previously pled guilty or been found guilty on separate and distinct prior occasions of two or more prior felonies involving violence.

The other form contained the statement in the negative, *i.e.*, ". . .we do not find. . . ." The jury returned the positive form.

Although we make no determination whether it was proper for the Trial Court to submit the issue to the jury, as that is not an issue in this appeal, we conclude Mr. Nahlen has no basis for urging his ambiguity argument in view of the fact that, as the result of the verdict forms and instruction submitted to the jury, he received the benefit of the more liberal of the two possible interpretations.

We agree with the State's position that Mr. Nahlen was eligible for an enhanced sentence under the statute whether the

language in § 5-4-501(d)(1), or the language in § 5-4-501(d)(3)(A), controlled. Thus, Mr. Nahlen lacks standing to complain because he "clearly falls within the conduct proscribed by the statute." *Vickers v. State,* 313 Ark. 64, 69, 852 S.W.2d 787, 790 (1993).

We do not ignore the part of Mr. Nahlen's argument in which he refers to the statute at issue as "vague." We reject that characterization in favor of the Trial Court's and our conclusion that each alternative presented by the statute is clear but that each is inconsistent with the other. Thus, the statute containing both is ambiguous. Even if the statute were properly said to be vague, however, Mr. Nahlen could not prevail.

> It is an accepted principle that when challenging the constitutionality of a statute on the ground of vagueness, the individual challenging the statute must be one of the "entrapped innocent," who has not received fair warning. If, by his action, that individual *clearly* falls within the conduct proscribed by the statute he cannot be heard to complain.

*Burrow v. State,* 282 Ark. 479, 481, 669 S.W.2d 441, 443 (1984). Mr. Nahlen had clear warning from the statute that, at a minimum, he was facing a sentence of life in prison without parole if he were found to have committed qualifying offenses on separate and distinct occasions.

"In order to challenge the constitutionality of a statute, a person must demonstrate that the challenged statute had a prejudicial impact on him. *Montgomery v. State,* 277 Ark. 95, 640 S.W.2d 108 (1982)." *Greer v. State,* 310 Ark. 522, 523, 837 S.W.2d 884, 885 (1992). Any ambiguity in the statute could not have affected Mr. Nahlen because he was eligible for the enhanced sentence under either of the inconsistent subsections.

## 2.    *Videotaped character evidence*

In both the guilt-innocence phase and the sentencing phase of the trial Mr. Nahlen asked to be allowed to present a video-tape recording of character testimony by acquaintances from Montana. The State responded that it would wish to cross-examine any such

witness. The request to allow the jury to view the videotape was denied in each instance as it was inadmissible hearsay.

Mr. Nahlen now argues that testimony as to a person's character, based upon reputation, is not hearsay. Although not specifically made, the reference is apparently to Ark. R. Evid. 803(21) which excepts from inadmissible hearsay "Reputation as to character. Reputation of a person's character among his associates or in the community." We note that the rule does not provide that such evidence may be presented by other than a witness subject to cross-examination, and Mr. Nahlen supplies us with no authority on the point. The Trial Court ruled, correctly, that the tape-recorded statements, not subject to cross-examination in any form, would be hearsay.

The Trial Court also mentioned, again correctly, that if it were suggested to the jury that it could do other than that mandated by the three-strikes statute, it would amount to a nullification of the law. We agree. Mr. Nahlen was not prejudiced by the refusal to admit the tape into evidence because it could have had no effect on his sentence.

### 3. Rule 4-3(h)

The record of trial has been examined for errors prejudicial to Mr. Nahlen to which objection was made at the trial. None has been found.

Affirmed.